**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAWN VALLI, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AVIS BUDGET GROUP, INC., a Delaware corporation, AVIS RENT A CAR SYSTEM, LLC, and ATS PROCESSING SERVICES, LLC,<br><br>Defendants. | Case No. 2:14-cv-06072 (CCC) (JBC)<br><br>*Motion Returnable:*<br>*September 19, 2016* |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS AVIS BUDGET GROUP, INC. AND AVIS RENT A CAR SYSTEM, LLC'S RENEWED MOTION TO DIMISS PURSUANT TO RULE 12(B)(6) WITH PREJUDICE

**REED SMITH LLP**
*Formed in the State of Delaware*
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, NJ 08540
(609) 987-0050

**Of Counsel and on the Brief:**
Mark S. Melodia, Esq.
Paul Bond, Esq.
Siobhan A. Nolan, Esq.

Table of Contents

**Page**

I. PRELIMINARY STATEMENT ........ 5
II. FACTS AND PROCEDURAL HISTORY ........ 8
A. Plaintiff Rented A Vehicle From Avis ........ 8
B. Avis Was Issued a Notice of Infraction ........ 9
C. Avis Paid The Notice Of Infraction ........ 11
D. Avis's Relationship with ATS ........ 11
E. Plaintiff Files, And Then Amend, A Putative Nationwide Class Action 11
III. LEGAL ANALYSIS ........ 12
A. RULE 12(B)(6) STANDARD ........ 12
B. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT. ........ 14
1. Plaintiff Fails To Allege Facts Regarding Any Knowing Omission Of Any Material Fact With Intent That Others Rely Upon It ........ 14
2. Plaintiff Fails To Allege Facts Regarding Any "Unconscionable Commercial Practice" ........ 17
3. Plaintiff Fails To Allege Any Causal Connection Between The Supposed NJCFA Violations And Any Ascertainable Loss ........ 25
C. PLAINTIFF CANNOT RECOVER UNDER A THEORY OF BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING ........ 27
D. PLAINTIFF CANNOT RECOVER UNDER A THEORY OF UNJUST ENRICHMENT ........ 29
E. THE RENTAL AGREEMENT IS NOT UNCONSCIONABLE ........ 31
IV. CONCLUSION ........ 33

Table of Authorities

**Cases**

*Arcand v. Brother Int'l Corp.*,
673 F. Supp. 2d 282 (D.N.J. 2009) .......... 9

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) .......... 7, 27

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 7

*Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Associates*,
182 N.J. 210 (2005) .......... 22

*Callano v. Oakwood Park Homes Corp.*,
91 N.J. Super. 105 (App. Div. 1966) .......... 23

*Delta Funding Corp. v. Harris*,
396 F. Supp. 2d 512 (D.N.J. 2004) .......... 25

*D'Ercole Sales, Inc. v. Fruehauf Corp.*,
206 N.J. Super. 11, 501 A.2d 990 (App. Div. 1985) .......... 12

*Duffy v. Charles Schwab & Co., Inc.*,
123 F. Supp.2d 802 (D.N.J. 2000) .......... 24

*Fowler v. UPMC Shadyside*,
578 F.3d 203 (3d Cir.2009) .......... 27

*Grandalski v. Quest Diagnostics Inc.*,
767 F.3d 175 (3d Cir. 2014) .......... 8

*In re Burlington Coat Factory Sec. Litig.*,
114 F.3d 1410 (3d Cir. 1997) .......... 8

*In re Rockefeller Ctr. Properties, Inc. Sec. Litig.*,
311 F.3d 198 (3d Cir. 2002) .......... 27

*Judge v. Blackfin Yacht Corp.*,
357 N.J. Super. 418 (App. Div. 2003) .......... 9, 10

*Kent v. Avis Rent A Car Sys. LLC*,
G044884, 2012 WL 831561 (Cal. Ct. App. Mar. 13, 2012), *review denied* (Cal. May 23, 2012) .......... 3, 18, 19

*Kugler v. Romain*,
58 N.J. 522 (1971) .......... 12, 13

*Lightning Lube, Inc. v. Witco Corp.*,
4 F.3d 1153 (3d Cir.1993) .......... 10

*Martindale v. Sandvik, Inc.*,
173 N.J. 76 (2002) .......... 26

*Morse v. Lower Merion Sch. Dist.*,
132 F.3d 902 (3d Cir.1997) .......... 8

*Moser v. Milner Hotels, Inc.*,
6 N.J. 278 (1951) .......... 23

*Nami v. Fauver*,
82 F.3d 63 (3d Cir.1996) .......... 8

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,
998 F.2d 1192 (3d Cir. 1993) .......... 8

*Prima v. Darden Restaurants, Inc.*,
78 F.Supp.2d 337 (D.N.J. 2000) .......... 23

*Quigley v. Esquire Deposition Servs., LLC*,
409 N.J. Super. 69, 81 (App. Div. 2009), *certif. denied,* 201 N.J. 154, *cert. denied,* 130 S.Ct. 3473 .......... 16, 17

*Robinson v. Wingate Inns Int'l, Inc.*,
No. 13-CV-2468 CCC, 2014 WL 4952363 (D.N.J. Sept. 24, 2014) .......... 21

*Rodriguez v. Raymours Furniture Co.*,
436 N.J. Super. 305 (App. Div. 2014) .......... 25

*Rudbart v. N. Jersey Dist. Water Supply Comm'n*,
127 N.J. 344, 356, *cert. denied*, 506 U.S. 871, 113 S.Ct. 203, 121 L.Ed.2d 145 (1992) .......... 25, 26

*Schuylkill Energy Resources, Inc. v. Pennsylvania Power & Light Co.*,
113 F.3d 405 (3d Cir.1997) .......... 8

*Sitogum Holdings, Inc. v. Ropes*,
352 N.J. Super. 555 (Ch. Div. 2002) .......... 13, 14

*Soto v. Quicken Loans, Inc.*,
No. 09-4862, 2010 WL 5169024 (D.N.J. Dec. 14, 2010) .......... 24

*Suburban Transfer Serv. v. Beech Holdings, Inc.*,
716 F.2d 220 (3rd Cir. 1983) .......... 23

*Thiedemann v. Mercedes–Benz USA, LLC*,
183 N.J. 234 (2005) .......... 19

*Van Holt v. Liberty Mut. Fire Ins. Co.*,
163 F.3d 161 (3d Cir. 1998) ........ 1, 12

*VRG Corp. v. GKN Realty Corp.*,
135 N.J. 539 (1994) ........ 23

*Wilson v. Amerada Hess Corp.*,
168 N.J. 236 (2001) ........ 22

**Statutes**

D.C. Code § 50-2209.02 ........ 5

D.C. Code § 50-2209.02(a) ........ 5

D.C. Code § 50-2302.05(a) ........ 5

D.C. Code § 50-2302.05(d) ........ 6

N.J. Stat. Ann. § 46:2B-8.2a ........ 15

N.J. Stat. Ann. § 56:8-1 ........ 6

N.J. Stat. Ann. § 56:8-19 ........ 19

**Rules**

Fed. R. Civ. P. 12(b)(6) ........ 1

**Regulations**

D.C. Mun. Regs. tit. 18, § 3003.5 ........ 4

## I. PRELIMINARY STATEMENT

Defendants Avis Budget Group, Inc. and Avis Rent A Car System, LLC (collectively, "Avis")[1] renew their motion under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for immediate dismissal of this action, with prejudice. "Mere customer dissatisfaction does not constitute consumer fraud." *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 168 (3d Cir. 1998). But dissatisfaction is all that Plaintiff Dawn Valli ("Plaintiff") presents.

The District of Columbia Metropolitan Police Department issued a Notice of Infraction ("Notice") and $150 fine to PV Holding Corporation ("PV Holding"), a subsidiary of Avis. *Compl. ¶ 25, Ex. C.* The Notice alleged that the car rented by Plaintiff was caught speeding by a red light camera. *Compl., Ex. C.* Avis paid the $150 ticket and charged that amount and a $30 administrative fee (the "Administrative Fee") to Plaintiff, pursuant to its rental agreement with her.

On September 30, 2014, Plaintiff filed a putative nationwide Class Action Complaint. ("Initial Complaint"). In the Initial Complaint, Plaintiff had a clear, definite opinion about what course Avis should have taken when the Notice was issued: notify Plaintiff immediately so she could appear in DC court to contest it. *Initial Compl., passim.* Plaintiff, in apparent ignorance of DC law, was adamant

---

[1] While "Avis" is used throughout for purposes of this Motion to Dismiss, in fact the Avis companies and franchises are not interchangeable. If this case proceeds beyond this Motion, Avis will develop and present evidence with respect to corporate form to establish these distinctions.

that only this course of action was allowed. On December 8, 2014, Avis filed a Motion to Dismiss all counts. This Motion contained the same statement of DC law set forth below, establishing beyond contradiction that under DC law, Plaintiff never had a right to contest the ticket. Plaintiff's Initial Complaint was therefore wholly groundless.

Rather than dismiss the action, on January 22, 2015, Plaintiff filed the Amended Complaint. Plaintiff now alleges that "Avis Budget could transfer liability to its customers," allowing them to contest tickets, and faults Avis for not doing so here. *Compl.* ¶ 23. But Plaintiff also asserts that "liability for payment of the violation could not be transferred to the driver of the cited vehicle as a matter of DC law". *Compl.* ¶ 9.

Plaintiff complains that the Rental Agreement "fails to disclose that class members have no right to contest…alleged infractions". *Compl.* ¶ 3(1). Then Plaintiff faults Avis for "waiving the renters' rights to contest the alleged violation". *Compl.* ¶ 3(5).[2]

[2] At oral argument, Plaintiff's counsel offered the additional theory – not in the Complaint -- that Avis could hire counsel for renters to contest the tickets. Minutes later, Plaintiff's counsel himself then essentially dismissed his own idea, saying "I'm not sure that is all that practical." *See* **[DE #40]** pp. 3-4, attached to the Certification of Mark Melodia ("Melodia Cert.") as Exhibit 1 (summarizing oral argument with cites to the transcript). For the Court's ease of reference, Avis also attaches the full transcript of oral argument as Exhibit 2 to the Melodia Cert. All subsequent transcript citations are to this Exhibit.

Plaintiff says she should have had "the opportunity to request that Avis Budget contest the ticket on her behalf," but also that "Avis Budget has no knowledge as to whether the Class member actually committed the purported infraction." *Compl.* ¶¶ 48, 6. As a last-ditch effort, Plaintiff claims that Avis had a legal duty to appoint her as its attorney-in-fact before the DC courts. *Compl.* ¶ 32, citing http://dmv.dc.gov/node/136152 (DC Power of Attorney Form). Plaintiff, who is not at attorney, conjures this right to represent Avis from whole cloth.

Apart from her incoherent objections to payment of the $150 ticket, Plaintiff's Complaint also challenged the $30 Administrative Fee as "unreasonable and excessive," *Compl.* ¶¶ 5, 6, 23. Yet Plaintiff's counsel later told the Court at oral argument that "at this juncture I can't say that we are taking the position that the quantum of the fee she was charged is in any way *per se* unreasonable or unfair" and "[t]he administrative fee we are not contesting at this juncture." T41:1-5 and T53:9-10.

This $30 Administrative Fee reflects Avis's action in paying the fine and saving Plaintiff from responsibility for an additional $150 late fee issued by the city. Moreover, New Jersey courts, like most courts, have refused to hear such *post hoc* attempts to adjust price via court proceeding. As set forth below, Avis has defeated a nearly-identical prior class action suit in California, by a DC renter, to contest the $25 administrative fee incurred by him. *Kent v. Avis Rent A Car Sys.*

*LLC*, G044884, 2012 WL 831561 (Cal. Ct. App. Mar. 13, 2012), *review denied* (Cal. May 23, 2012).

Plaintiff has already amended as of right. The Motion that Avis here refiles has previously been fully briefed and argued. Plaintiff still sets forth absurd and contradictory legal claims. This Complaint must be dismissed with prejudice.

## II. FACTS AND PROCEDURAL HISTORY

### A. PLAINTIFF RENTED A VEHICLE FROM AVIS

On June 11, 2014, Plaintiff rented a vehicle from an Avis-branded rental location in the Baltimore-Washington Airport. *Compl. ¶ 38*. Per the Avis Rental Agreement ("Rental Agreement") Plaintiff signed and attached to her Complaint:

> You'll pay all fines, penalties and court costs for parking, traffic, toll and other violations, including storage liens and charges. You will also pay a reasonable administrative fee with respect to any violation of this Agreement, such as repossessing or recovering the car for any reason.
> *Compl. ¶ 14, Ex. A*, para. 15.

Further:

> You also agree that we or our collection agents may access the personal information that you provided to us in any effort to collect any Charges or Costs under this section and may use the address provided by you on the Rental Document, or in any customer profile, as the place to send any demands or collection notices. In the event that you presented a credit or debit card for payment, …you also authorize us to share that credit and debit card information with third party collection agents and further authorize us or our collection agents to charge any amounts due to us, including, but not limited to, the Charges and Costs referenced above, to that credit or debit card.

*Compl. ¶ 14, Ex. A*, para. 23.

Plaintiff alleges that the vehicle was being driven by her husband, Frank Valli, for the duration of the rental period. *Compl.* ¶ *39.* On June 16, 2014, Plaintiff returned the vehicle to JFK International Airport in Jamaica, New York. *Compl., Ex. B.*

**B. AVIS WAS ISSUED A NOTICE OF INFRACTION**

On June 18, 2014, the District of Columbia Metropolitan Police Department issued a Notice to PV Holding as registered owner of the rented car. *Compl.* ¶ *41, Ex. C.* The Notice stated:

> Your vehicle was photographed ***violating*** District of Columbia traffic regulations on the date and time listed below. Under District Jaw, the registered owner of a vehicle is liable for payment of the ***fine for violations*** recorded using an automated traffic enforcement system.

*Complaint*, Exh. C. (emphasis added). The Notice provided photographic evidence of the violation and date and time information in a section called **VIOLATION INFORMATION** (emphasis original). The Notice further stated that "Your vehicle may be immobilized or impounded if two or more unpaid tickets are on your record." Id.

The Notice was not issued to Plaintiff. This is in accordance with DC law, which states that "When a violation is detected by an automated traffic enforcement device, any resulting ticket shall be mailed *to the owner* and the relevant information transmitted to the Department of Motor Vehicles within twenty-five (25) days after the date the violation is detected." D.C. Mun. Regs. tit.

18, § 3003.5 (emphasis added). The Notice informed PV Holding that "[u]nder District law, the registered owner of a vehicle is liable for payment of the fine for violations recorded using an automated traffic enforcement system." *Compl., Ex. C. Accord*, D.C. Code § 50-2209.02(a). The Notice did not seek to hold Plaintiff liable for any amounts.

Pursuant to the Notice, PV Holding was given 60 days to either: Admit, Admit with an Explanation or Deny. *Compl. ¶ 27, Ex. C.* The Notice and DC law did not provide Plaintiff with any of these options. Under DC law, these options are only available to "a person to whom the notice was issued". D.C. Code § 50-2302.05(a). *See also*, D.C. Code § 50-2209.02 (noting, in the context of automated traffic enforcement, that "An owner or operator who receives a citation may request a hearing…")(emphasis added). The District of Columbia's Department of Motor Vehicles maintains a website with procedures for contests. *See Exhibit B*, copy of Department of Motor Vehicles, Contest a Parking Ticket, available at http://dmv.dc.gov/service/contest-parking-ticket (last viewed Nov. 24, 2014). The DMV notes that "To be eligible for a walk-in hearing, you must be the registered vehicle owner or have Power of Attorney signed by the registered owner authorizing you to act on his/her behalf." *Id.*

Also, as a matter of DC law, if PV Holding did not pay the Notice "within 30 calendar days of the date the notice was issued," then it would be liable for an

additional "penalty equal to the amount of the fine," *i.e.*, an additional $150. D.C. Code § 50-2302.05(d).

### C. AVIS PAID THE NOTICE OF INFRACTION

Plaintiff alleges that on July 3, 2014, Avis sent her a Vehicle Violation Notice, advising that Avis had paid the applicable $150 fine from the Notice and requested reimbursement of the fine and a $30 Administrative Fee. *Compl. ¶ 44.* Plaintiff was not assessed any late fee, because Avis had made timely payment. Plaintiff contends that she was given until August 2, 2014 by Avis to voluntarily pay the amount due, and if not, such amounts would be charged to the credit card she used when renting the vehicle. *Compl. ¶ 47.* As noted, such a charge was authorized by Paragraphs 15 and 23 of the Rental Agreement.

### D. AVIS'S RELATIONSHIP WITH ATS

Plaintiff alleges that Avis and ATS have a contractual relationship whereby ATS processes and administers the payment of fines incurred by Avis customers during their rental periods. *Compl. ¶ 27.*

### E. PLAINTIFF FILES, AND THEN AMENDS, A PUTATIVE NATIONWIDE CLASS ACTION

As noted above, Plaintiff filed and then amended a Class Action Complaint.

In Count I of the Amended Complaint, Plaintiff asserts that Defendants violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq*. ("NJCFA").

In Count II, Plaintiff contends that Avis breached the implied covenant of good faith and fair dealing. *Compl.* ¶ *71.*

In Count III, Plaintiff asserts a claim for unjust enrichment. *Compl.,* ¶ *74.*

In Count IV, Plaintiff asserts that the Rental Agreements provided to customers are unconscionable under New Jersey law. *Compl.,* ¶ *80-82.*

Avis moved to dismiss Plaintiff's Complaint it its entirety on March 7, 2015. After full briefing, the Court heard oral argument on December 7, 2015.

On April 12, 2016, the Court issued an Order administratively terminating Defendants' Motions to Dismiss, and granting Plaintiff a sixty (60) day period to conduct jurisdictional discovery concerning ATS.[3] *See* [DE #42]. The Order permitted Defendants to re-file their Motions to Dismiss after the termination of jurisdictional discovery. *See* [DE #42]. Jurisdictional discovery has closed, and Plaintiff has dismissed ATS without prejudice. *See* [DE #48].

Avis moves again to dismiss this Complaint in its entirety, with prejudice.

## III. LEGAL ANALYSIS

### A. RULE 12(B)(6) STANDARD

Plaintiff has failed to meet the pleading standards for a proper complaint. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its

[3] Per the Court's June 13, 2016 Order [DE # 44], jurisdictional discovery was extended for an additional sixty (60) days.

face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," and "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal, supra* (internal quotations and citation omitted). Furthermore, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 129 S. Ct. at 1949 (a plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (citations omitted). The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Resources, Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir.1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir.1996).

When deciding a Rule 12(b)(6) motion to dismiss, courts may consider not only the allegations contained within the complaint, but also exhibits attached to the complaint, matters of public record, and undisputedly authentic documents that form the basis of a claim. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d

1410, 1426 (3d Cir. 1997); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider transcripts from prior oral arguments. *Patyrak v. Apgar*, No. CIV. 10-6800 FLW, 2012 WL 2118743, at *3 (D.N.J. June 11, 2012), *aff'd*, 511 F. App'x 193 (3d Cir. 2013). Considering these materials, Plaintiff's claims all fail as a matter of law.

## B. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT.[4]

### 1. Plaintiff Fails To Allege Facts Regarding Any Knowing Omission Of Any Material Fact With Intent That Others Rely Upon It

Plaintiff alleges that Avis made a knowing omission of a material fact by "failing to disclose that Defendants would pay any alleged Fines imposed upon the members of the class prior to giving them notice of the alleged Fines and the opportunity to seek an assignment from Defendants to contest such Fines," and by "failing to disclose that members of the Class would be denied the right to contest any traffic citations issued against their rental cars during the term of the rental" *Compl.* ¶ *63.* Plaintiff is compelled to admit that the Rental Agreement exists and that it told Plaintiff she would have to pay for tickets and a "reasonable

[4] Avis responds to Plaintiff's NJCFA claim because she chose to bring it. Avis does not concede that a proper choice-of-law analysis would result in application of New Jersey law in this case. Plaintiff, a Florida resident, rented a car at the Baltimore-Washington Airport resulting in a ticket issued by law enforcement in the District of Columbia. *See, e.g., Grandalski v. Quest Diagnostics Inc.*, 767 F.3d 175 (3d Cir. 2014)(finding law of plaintiff's home state applied to consumer fraud claims). However, if this case proceeds, Avis will revisit this issue following targeted individual discovery.

administrative fee." *Compl. ¶ 24, Ex. A*. However, Plaintiff now claims that Avis omitted from the Rental Agreement disclosures that Avis would pay the ticket without any notice to Plaintiff and without giving her a chance to defend herself.[5]

To state an NJCFA claim for omission, Plaintiff must first set forth factual allegations making plausible that Avis had a duty to disclose more than it did. "Implicit in the showing of an [actionable] omission is the underlying duty on the part of the defendant to disclose what he concealed to induce the purchase. Obviously, there can be no fraud… if the defendant was under no obligation to disclose the information in the first place." *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 297 (D.N.J. 2009). Duty is a question of law. *Judge v. Blackfin Yacht Corp.*, 357 N.J. Super. 418, 426 (App. Div. 2003). Importantly, "New Jersey courts will not imply a duty to disclose" in a case alleging fraudulent concealment. *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1185 (3d Cir.1993). The duty to disclose arises in the following three types of relationships:

> (1) fiduciary relationships, such as principal and agent, client and attorney, or beneficiary and trustee; (2) relationships where one party expressly reposits trust in another party, or else from the

---

[5] At oral argument, Plaintiff's counsel was unwilling to explain, defend, or support the theories in the operative Complaint, instead inventing a new claim on the spot. Per Plaintiff's counsel, "the question in this case, the only issue on this motion is, are they authorized to put these charges on this card." T29:14-17. The Complaint never once alleges that Avis charged Valli's credit card without her authorization. However, to the extent the Court is willing to entertain this unpled claim, paragraphs 15 and 23 of the Rental Agreement offer a definitive answer: yes, Avis was allowed to make such a charge.

> circumstances, such trust necessarily is implied; and (3) relationships involving transactions so intrinsically fiduciary that a degree of trust and confidence is required to protect the parties.

*Lightning Lube*, *supra*, 4 F.3d at 1185. Plaintiff does not allege that Avis, by renting her a car, entered into any relationship with her but that of an arm's length retailer and customer. Because Avis had no duty to make more comprehensive disclosures, Plaintiff's omissions claims under the NJCFA must fail.

Furthermore, even if Avis had a duty in general to her to advise her on the contract – it did not – Plaintiff does not factually allege that Defendant intentionally concealed any information with the intention that anyone rely on the concealment. *Judge v. Blackfin Yacht Corp.*, 357 N.J. Super. 418, 426 (App. Div. 2003). Plaintiff does not and cannot allege that Avis intended her to get a ticket – which is a violation of a contract term Avis itself insisted upon. Plaintiff also does not allege any facts which would make plausible a claim that Avis was actively concealing its policies, Administrative Fee or DC's traffic laws, or that Plaintiff asked for or sought any additional detail and was denied it. If this Court accepts Plaintiff's Complaint here as actionable under the NJCFA, every consumer contract that permits a fee or charge without naming a specific dollar amount or without outlining a multi-jurisdictional analysis of applicable laws in every single circumstance would be subject to a national class action.

Finally, to the extent that Plaintiff claims that Avis failed to disclose that she would be denied the right to contest any violations, the DC traffic court itself would not have allowed Plaintiff to appear, as she was not the car's registered owner (PV Holding was), and she did not have that owner's power of attorney. According to the Amended Complaint, Plaintiff was not even the driver of the car at the time, so even if PV Holding gave Plaintiff a power of attorney, there is no reason to think Plaintiff would have even been heard on this violation.

### 2. Plaintiff Fails To Allege Facts Regarding Any "Unconscionable Commercial Practice"

Plaintiff alleges that Avis engaged in unlawful practices by: "charging members of the Class the amount of the Fines in jurisdictions where liability for such traffic infractions is the non-transferable responsibility of the registered owner;" and by "charging the Class unreasonable and undisclosed administrative and/or handling fess for the processing and collection of such Fines paid by Defendants on behalf of the class." *Compl.* ¶ *63.* As these allegations do not fall under the category of knowing omissions, Plaintiff must allege facts to recover in connection with an "unconscionable commercial practice." Plaintiff fails to do so.

As the Third Circuit has explained in construing the NJCFA, "An unconscionable commercial practice necessarily entails a lack of good faith, fair dealing, and honesty." *Van Holt, supra,* 163 F.3d at 161. The Third Circuit's

construction of the NJCFA and its requirements is well-supported by New Jersey law.

Although the NJCFA was enacted in 1967, the term "unconscionable commercial practices" was not added until 1971. However, "Even before the addition of 'unconscionable commercial practices' as unlawful under the Consumer Fraud Act, the Supreme Court engrafted the concept of 'unconscionability' as an ingredient of the Act." *D'Ercole Sales, Inc. v. Fruehauf Corp.*, 206 N.J. Super. 11, 24, 501 A.2d 990, 997 (App. Div. 1985), citing to *Kugler v. Romain*, 58 N.J. 522, 542 (1971). In *Kugler*, the paradigmatic case of an "unconscionable commercial practice", the Court set forth the following standard:

> The standard of conduct contemplated by the unconscionability clause is good faith, honesty in fact and observance of fair dealing. The need for application of the standard is most acute when the professional seller is seeking the trade of those most subject to exploitation—the uneducated, the inexperienced and the people of low incomes. In such a context, a material departure from the standard puts a badge of fraud on the transaction and here the concept of fraud and unconscionability are interchangeable.

58 N.J. at 544.

In *Kugler*, the Court found this burden satisfied, due to "deceptive and fraudulent practices to induce the 24 customers named in the schedule to execute contracts for the purchase of an 'educational package' of books and related materials." *Kugler, supra,* 58 N.J. at 522, 526. In that case, "the sales solicitations were consciously directed toward minority group consumers and consumers of

limited education and economic means. Persons with incomes of less than $5000 a year were favored; some buyers were welfare recipients." *Id.* at 526. All contracts were set forth in small type, and the sales price was six or seven times the wholesale price. The New Jersey Attorney General sued to enjoin these sales. The Court found that "the Attorney General offered persuasive evidence that the books had little or no educational value for the children in the age group and socio-economic position the defendant represented would be benefited by them." *Id.* at 522.

New Jersey courts considering unconscionability claims generally look for two factors:

> (1) unfairness in the formation of the contract, and (2) excessively disproportionate terms. ...The first factor—procedural unconscionability—can include a variety of inadequacies, such as age, literacy, lack of sophistication, hidden or unduly complex contract terms, bargaining tactics, and the particular setting existing during the contract formation process. The second factor—substantive unconscionability—simply suggests the exchange of obligations so one-sided as to shock the court's conscience.

*Sitogum Holdings, Inc. v. Ropes*, 352 N.J. Super. 555, 564-65 (Ch. Div. 2002) (citations and quotation marks omitted).

Plaintiff has not alleged any facts to make plausible any "procedural unconscionability." Unlike the defendant in *Kugler*, Plaintiff does not allege that Avis targeted low-income or minority consumers, nor that Avis engaged in any high-pressure sales tactics. Plaintiff does not allege that Avis took advantage of

any advanced age, lack of literacy, or lack of sophistication on her part or on the part of her husband who apparently accompanied her and drove the rental vehicle. Plaintiff does not allege that Avis confused her or misled her into renting the vehicle, nor even that she inquired as to procedures and Administrative Fees and was denied the relevant information. By failing to allege any procedural unconscionability, Plaintiff fails to state a claim for relief under the NJCFA for an "unconscionable commercial practice."

Plaintiff also has not alleged any facts to make plausible any "substantive unconscionability." As noted above, the relevant standard is whether the contract contains an "exchange of obligations so one-sided as to shock the court's conscience." *Sitogum Holdings*, *supra*, 352 N.J. Super. at 565. Plaintiff agreed, by the terms of the contract, that Avis would pay any ticket she incurred while driving the Avis rental. Plaintiff makes conclusory allegations that it was an unlawful practice for Avis to pay the ticket and charge her the amount of the fine when DC law does not permit the transfer of liability, and also for Avis to charge an "unreasonable" $30 Administrative Fee. [6]

First, Plaintiff's attempt to characterize DC law as absolving car renters from all liability for their illegal acts is unpersuasive and not in the spirit of the NJCFA. According to the DC Metropolitan Police's website, which is cited by

---

[6] Yet, "MR. PINILIS: The administrative fee we are not contesting at this juncture." T53:9-10.

Plaintiff in her Amended Complaint, the goal of DC's automated traffic enforcement program is: "to reduce traffic violations and, as a result, decrease the number of crashes, prevent injuries, and save lives." *DC StreetSafe Faqs,* http://mpdc.dc.gov/page/dc-streetsafe-faqs (last accessed Feb. 6, 2015). Certainly, DC did not intend to immunize rental car drivers from all financial consequences resulting from traffic violations. In fact, Plaintiff's view of DC's statute is contrary to the stated purpose of the law – following Plaintiff's logic, renters would be free to commit any traffic violation knowing that only the registered owner of the car would be held liable for the renters' illegal acts.

Avis's requirement for reimbursement of violation fines cannot shock the conscience of the court because it is not one-sided in the least. Plaintiff and other DC renters enjoy the use of the rental vehicles, and therefore have a corresponding duty to reimburse Avis for all fines incurred.

Nor can it shock the conscience of the court that Avis does not appoint renters to act as Avis's attorneys-in-fact in courts of law. After a search of published law in New Jersey and in the District of Columbia, counsel for Avis has not located any decision in which any company was required to appoint a consumer (or anyone else) as its attorney-in-fact. The attorney-in-fact relationship is a voluntary appointment of agent, not something thrust upon principals. *See, e.g.*, N.J.S.A. 46:2B-8.2a ("A power of attorney is a written instrument by which

an individual known as the principal authorizes another individual . . . known as the attorney-in-fact to perform specified acts on behalf of the principal as the principal's agent"). In addition, unless Plaintiff were to accept all liability for the Notice, her appearance in any legal proceeding on Avis's behalf would constitute the unauthorized practice of law. *See* New Jersey Committee on the Unauthorized Practice of Law, Opinion No. 50, *A Nonlawyer Who Holds a Power of Attorney May Not Engage in the Practice of Law,* 211 N.J.L.J. 866 (March 25, 2013) (prohibiting the appointment of non-lawyer agents to represent principals in judicial or quasi-judicial proceedings)("Opinion 50"). An agent may not "appear on behalf of a principal in court as a *pro se* party; only the real party in interest – the principal, not a nonlawyer agent -- is permitted to appear in court *pro se*." *Id.*, citing to R. 1:21-1(a). The NJCFA can hardly be used to compel Avis to agree to a representation by a nonlawyer agent, where such representation is against New Jersey public policy.

Second, Plaintiff does not suggest any reason why it should shock the conscience of the Court that Avis charged a $30 Administrative Fee for this service (especially given that it does not shock the conscience of Plaintiff's counsel). New Jersey courts have refused to consider NJCFA claims based on *post hoc* consumer chagrin concerning a price term. *See, e.g., Quigley v. Esquire Deposition Servs., LLC*, 409 N.J. Super. 69, 81 (App. Div. 2009), *certif. denied,* 201 N.J. 154, *cert.*

*denied,* 130 S.Ct. 3473. In *Quigley*, the plaintiff ordered the transcript of a two-day deposition without inquiring how much it would cost. The transcription service provided the transcript and charged him $1,251.55. The plaintiff brought a putative class action, including under the NJCFA, alleging that this price was unconscionable. The trial court dismissed that complaint for failure to state a claim, and the Appellate Division affirmed:

> Unlike in *Kugler v. Romain*, plaintiff's amended complaint does not allege that defendant made misrepresentations to plaintiff or engaged in other deceptive practices in connection with the sale of the copies of his deposition transcripts.

*Id.* at 81. The Appellate Division went on to note that the plaintiff had not cited any authority for his argument that a NJCFA claim may be stated solely by an allegation that the price of a product was excessive, without consideration of the manner in which it was marketed.

> We live in a capitalist society in which prices are ordinarily established by the marketplace rather than by a government agency or the courts. Sellers of goods and services generally may charge whatever the market will bear so long as they do not engage in deceptive or other unfair sales practices.
>
> Plaintiff has not alleged that defendant engaged in such deceptive or unfair sales practices. Plaintiff simply ordered the transcripts of his deposition without any prior discussion of the price...Under these circumstances, the third count of plaintiff's amended complaint does not allege any fraud or deception that could support a claim under the Consumer Fraud Act.

*Id.*

Plaintiff entered into the Rental Agreement, which she does not allege was marketed to her in any coercive manner. Plaintiff does not allege that she sought to know how much a "reasonable administrative fee" would be and was denied the information. Like the plaintiff in *Quigley*, Plaintiff here simply incurred an obligation and now finds it objectionable to have to honor it.

In many ways, this case is a repeat of a putative class action brought in California state court and dismissed with prejudice on the pleadings, that dismissal later affirmed on appeal. *Kent v. Avis Rent A Car Sys. LLC*, G044884, 2012 WL 831561 (Cal. Ct. App. Mar. 13, 2012), *review denied* (May 23, 2012). In *Kent*, the plaintiff:

> picked up an Avis car in Washington, D.C. During the five days he was there, his car was ticketed three times for illegal parking, for a total of $80. Avis paid the parking tickets and charged an administrative fee, in addition to the amount of the tickets, to Kent's credit card. The administrative fee was $25 per ticket.

*Id.* at *1. That plaintiff brought a putative class action against Avis, among other things alleging that the imposition and the amount of the Administrative Fee was an "unfair" business practice. The trial court rejected these arguments root and branch, and the appeal court concurred:

> The valid and enforceable rental agreement, as Kent had admitted, gave Avis express permission to charge an administrative fee. It therefore cannot be unfair for Avis to do so. Finally, Kent accuses Avis of charging an "excessive" administration fee. This accusation invites us to start roaming the commercial landscape of consumer transactions in search of excessive prices, a mission we choose not to

> accept. A court is ill-equipped to determine whether a charge allowed by an otherwise valid contract is "excessive" without some statutory or regulatory framework for such a determination.

*Id.* at *9.

Because Plaintiff does not set forth facts making plausible a contract that was achieved through sharp dealing and/or contains provisions to shock the Court, she has not alleged any unconscionable commercial practices under the NJCFA.[7]

#### 3. Plaintiff Fails To Allege Any Causal Connection Between The Supposed NJCFA Violations And Any Ascertainable Loss

To state a claim under the NJCFA, a Plaintiff must factually allege not only a violation, but that that specific alleged violation caused Plaintiff an ascertainable loss. Failure to allege ascertainable loss is an independently sufficient reason to dismiss an NJCFA claim. The statutory section authorizing a private right of action under the NJCFA is limited to a "person who suffers <u>any ascertainable loss of moneys or property</u>, real or personal, <u>as a result of</u> the use or employment by another person of any method, act, or practice declared unlawful under this act." N.J. Stat. Ann. § 56:8-19 (emphasis added).

Plaintiff never had a right to appear in DC court. Therefore, Plaintiff cannot maintain an NJCFA suit based on the supposed loss of an opportunity she never

---

[7] Plaintiff also had previously argued that liability under a Notice of Violation was non-transferable under DC law. Yet Plaintiff's counsel stated at oral argument that the issue of how DC traffic courts work is "[t]otally irrelevant to our claim." *See* T42:2-8.

had. "The certainty implicit in the concept of an 'ascertainable' loss is that it is quantifiable or measurable." *Thiedemann v. Mercedes–Benz USA, LLC*, 183 N.J. 234 (2005) (finding that "inconvenience" is not a form of ascertainable loss under the NJCFA). Plaintiff's abstract interest in mounting a challenge before a court which would not hear her is neither quantifiable nor measurable. It is nonsensical.

Nor is any alleged wrongful act by Avis the cause of the Notice and its $150 fine. Plaintiff rented the car; Plaintiff claims her husband drove it; DC police issued the ticket and $150 fine. Only two possibilities exist. Perhaps Plaintiff (or her husband) *did* violate the law, and caused themselves this loss. Or Plaintiff and her husband *did not* violate the law and an error by the DC police caused this loss. Whether the Notice was properly or improperly issued, Avis did not cause it.

Lastly, Plaintiff has not alleged any facts making plausible that by incurring a $30 Administrative Fee Avis caused her ascertainable loss. As established above, the issuance of the Notice is the result of either Plaintiff (or her husband)'s conduct or the mistake of the DC police, but logically cannot have been caused by Avis. The facts in the Amended Complaint and DC law show that Avis had two choices when the Notice was issued: (a) do nothing, and cause the Plaintiff to be liable for an additional $150 late fee, or (b) take action, with a resulting Administrative Fee in a far smaller amount. Far from causing Plaintiff a loss of money, by taking the action it did, Avis saved Plaintiff from a late fee five times

bigger than the Administrative Fee imposed. Further, per Plaintiff's counsel at oral argument, "The administrative fee we are not contesting at this juncture." T53:9-10.

### C. PLAINTIFF CANNOT RECOVER UNDER A THEORY OF BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

In Count II, Plaintiff alleges that Avis breached the implied covenant of good faith and fair dealing by:

> (a) failing to disclose that Defendants would pay any alleged Fines imposed upon the Class prior to giving them notice of the alleged Fines and would deprive them of the opportunity to contest such Fines and (b) charging the Class unreasonable and undisclosed administration and/or handling fees for the processing and collection of such Fines paid by Defendants on behalf of the Class; and (c) charging the Class the amount of the Fines in those jurisidctions where the registered owner has sole, non-transferable liability for such Fines.

*Compl. ¶ 71*. Plaintiff's claims under this theory are fatally defective as a matter of law.

First, as this Court recently noted:

> Restatement (Second) of Contracts § 205 articulates the common law standards of good faith and fair dealing: it states "[e]very contract imposes upon each party a duty of good faith and fair dealing in its *performance and its enforcement*." (emphasis added)… Comment c to that section clearly states that the duty of good faith and fair dealing does not apply to lack of good faith in contract formation.

*Robinson v. Wingate Inns Int'l, Inc.*, No. 13-CV-2468 CCC, 2014 WL 4952363, at *3 (D.N.J. Sept. 24, 2014). Therefore, Plaintiff's vague allegation that the Rental

Agreement should have been written to disclose more cannot support this cause of action.

Second, Plaintiff must factually allege that Avis acted with some improper motive to proceed on this cause of action. And, "an allegation of bad faith or unfair dealing should not be permitted to be advanced in the abstract and absent improper motive." *Wilson v. Amerada Hess Corp.*, 168 N.J. 236, 251 (2001). The party claiming a breach of the covenant of good faith and fair dealing must allege some conduct by defendant intended to deny the plaintiff the benefit of the bargain originally intended by the parties. *Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Associates*, 182 N.J. 210, 225 (2005). "A plaintiff may be entitled to relief under the covenant if its reasonable expectations are destroyed when a defendant acts with ill motives and without any legitimate purpose. Moreover, a plaintiff may get relief if it relies to its detriment on a defendant's intentional misleading assertions." *Id.* at 226. Plaintiff does not factually allege anything that would support the legal conclusion that Avis acted arbitrarily, unreasonably, or capriciously, much less with bad faith. Avis paid a ticket issued to it, one which Plaintiff had no standing to contest. Avis held Plaintiff responsible for the fine as well as a reasonable administrative fee, as it said it would.

Lastly, a claim under the implied covenant of good faith and fair dealing is still a contract claim. To state a contract claim, a plaintiff must factually allege

damages. Avis cannot have damaged Plaintiff by not informing her immediately of a Notice which she had no right to contest. Avis cannot have damaged Plaintiff by paying the Notice before the city issued a $150 late fee for which Plaintiff would be liable under the Rental Agreement. Given that the Administrative Fee was one-fifth the size of the potential late fee, Avis did not damage Plaintiff at all.

### D. PLAINTIFF CANNOT RECOVER UNDER A THEORY OF UNJUST ENRICHMENT

In Count III, Plaintiff alleges that Avis retained a benefit at the expense of Plaintiff in the form of administrative and handling fees – fees that Plaintiff claims she did not agree to pay. *Compl.* ¶ *57.* Plaintiff's unjust enrichment claim should be dismissed because it is precluded by the express contract between Plaintiff and Avis which governs the rights and obligations of each party.

Unjust enrichment is a theory of quasi-contractual recovery. *Suburban Transfer Serv. v. Beech Holdings, Inc.*, 716 F.2d 220, 226-27 (3d Cir. 1983). "[R]ecovery on quasi-contract was developed under the law to provide a remedy where none existed [contractually]." *Callano v. Oakwood Park Homes Corp.,* 91 N.J. Super. 105, 110 (App. Div. 1966). Under New Jersey law:

> [t]o establish unjust enrichment, a Plaintiff must show both that Defendant received a benefit and retention of that benefit without payment would be unjust. [citations omitted.] The unjust enrichment doctrine requires that Plaintiff show that it expected remuneration from the Defendant at the time it performed or conferred a benefit on Defendant and that the failure of remuneration enriched Defendant beyond its contractual rights.

*VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (1994); *see also Prima v. Darden Restaurants, Inc.*, 78 F.Supp.2d 337, 355 (D.N.J. 2000).

It is well-established that where there is an express contract governing the rights and the obligations of the parties, the parties will be unable to allege an unjust enrichment claim. *See Moser v. Milner Hotels, Inc.*, 6 N.J. 278, 280 (1951). Indeed, "[q]uasi-contract liability will not be imposed when a valid unrescinded contract governs the rights of the parties. Therefore, recovery based on a quasi-contract theory is mutually exclusive of a recovery based on contract theory." *See Duffy v. Charles Schwab & Co., Inc.,* 123 F. Supp.2d 802, 814 (D.N.J. 2000). In particular, where the only "benefit" received by a defendant is a payment the plaintiff has made pursuant to a contract that the plaintiff executed, a claim for unjust enrichment must be dismissed. *Soto v. Quicken Loans, Inc.,* No. 09-4862, 2010 WL 5169024, at * 6 (D.N.J. Dec. 14, 2010).

Plaintiff admits a valid, enforceable contract between the parties exists, noting in the Amended Complaint that "the rental agreement between the class and Avis Budget (the "Rental Agreement") obligates the class members to pay Fines incurred in an Avis Budget vehicle during the rental term." *Compl. ¶ 3.* Plaintiff included a copy of this Rental Agreement as Exhibit A to her Amended Complaint. Further, the "benefit" Plaintiff alleges that Avis received - Administrative Fees and Fines resulting from violations of the agreement - is one that was received pursuant

to the Rental Agreement. Because there is a contract that exclusively governs the rights and obligations of Plaintiff and Avis with respect to any Administrative Fees and Fines, Plaintiff's unjust enrichment claim fails as a matter of law.

### E. THE RENTAL AGREEMENT IS NOT UNCONSCIONABLE

In Count IV, Plaintiff brings a claim of "unconscionability under the laws of New Jersey," alleging that Avis's policies and practices are procedurally and substantively unconscionable. This argument fails as a matter of law for the reasons set forth in Part III(B)(2) and for the reasons set forth below.

Under New Jersey law, "a party raising a claim of unconscionability has the burden of 'showing some over-reaching or imposition resulting from a bargaining disparity between the parties, or such patent unfairness in the terms of the contract that no reasonable [person] not acting under compulsion or out of necessity would accept them.'" *Rodriguez v. Raymours Furniture Co.,* 436 N.J. Super. 305, 316 (App. Div. 2014) (internal citations omitted). Further, when alleging that the contract is one of adhesion, as Plaintiff alleges, courts will find the contract "unenforceable only if it consists of grossly unfair contractual obligations or contains terms that are oppressive or unconscionable." *Delta Funding Corp. v. Harris*, 396 F. Supp. 2d 512, 516 (D.N.J. 2004) (internal quotations and citations omitted). To determine whether a contract of adhesion is unconscionable, courts will perform a four-factor analysis into: "the subject matter of the contract, the

parties' relative bargaining positions, the degree of economic compulsion motivating the 'adhering' party, and the public interests affected by the contract." *Rudbart v. N. Jersey Dist. Water Supply Comm'n,* 127 N.J. 344, 356, *cert. denied*, 506 U.S. 871, 113 S.Ct. 203, 121 L.Ed.2d 145 (1992)).

Applying the four-factor *Rudbart* analysis, the Rental Agreement cannot be found unconscionable as a matter of law. Plaintiff was under no economic pressure to rent a vehicle from Avis as it was not a "consumer necessity." *See ibid.* Even if there was unequal bargaining power between the parties, as Plaintiff alleges, "mere inequality in bargaining power" will not render a contract of adhesion void. *Martindale v. Sandvik, Inc.,* 173 N.J. 76, 90 (2002). Further, Plaintiff does not allege that she ever sought to alter the terms of the agreement and was precluded from doing so. Plaintiff was a sophisticated consumer who was a frequent renter from Avis – as evidenced by her "Avis First" status.[8] *See* Exhibit B. Finally, the Rental Agreement is not violative of public policy. The Rental Agreement seeks to hold renters financially responsible for fines and associated fees resulting from violations occuring while driving an Avis rental vehicle. In Plaintiff's specific situation, Avis's Rental Agreement cannot be found "oppressive" or

---

[8] Avis First is an "invitation-only rewards program" extended to qualifying customers. One of the requirements for this program is completing "at least 12 qualifying rentals, or 35 or more qualifying rental days… in a calendar year." *See Presenting Avis First,* https://www.avis.com/car-rental/content/display.ac?navId=T4M03S03 (last accessed Feb. 8, 2015).

"unconscionable" as a result of Avis requiring that Plaintiff pay the fine and Administrative Fee for a violation that occurred while either she or her husband was driving the rental vehicle. To permit Plaintiff to not accept financial responsibility for any violations during her rental period, and instead to hold Avis or PV Holdings responsible, is contrary to public policy and the goals and intent of the applicable DC statute. As such, the Rental Agreement is not unconscionable.

## IV. CONCLUSION

For all of the reasons set forth above, this Court should dismiss this action pursuant to Rule 12(b)(6). Plaintiff's Amended Complaint is facially implausible and legally precluded and must be dismissed with prejudice. A Complaint "must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir.2009). The Amended Complaint has failed to do so. In the almost two years since the filing of the Initial Complaint, Plaintiff has failed to state any claims that are "plausible on [their] face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Ultimately, dismissal with prejudice is appropriate because it "appears beyond doubt that plaintiff can prove no set of facts in support of h[er] claim which would entitle h[er] to relief." *In re Rockefeller Ctr. Properties, Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). No further amount of amendments will cure Plaintiff's non-existent and unsupported claims.

**REED SMITH LLP**

*s/Mark S. Melodia*
Mark S. Melodia

Dated: August 18, 2016