NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAWN VALLI, individually and on behalf of others similarly situated,<br><br>                  Plaintiffs,<br><br>v.<br><br>AVIS BUDGET GROUP, INC., et al.,<br><br>                  Defendants. | Civil Action No.: 14-6072 (CCC)<br><br>OPINION |

**CECCHI, District Judge.**

I. **INTRODUCTION**

This matter comes before the Court on the renewed motion of Defendants Avis Budget Group, Inc. and Avis Rent-A-Car System, LLC (collectively, "Defendants")[1] to dismiss the First Amended Class Action Complaint of Plaintiff Dawn Valli ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 49. Plaintiff opposes the motion. ECF No. 55. On December 7, 2015, the Court heard oral argument on Avis's initial motion to dismiss. *See* ECF No. 27. For the reasons set forth below, Defendants' motion is denied.

II. **BACKGROUND**

The following facts are accepted as true for purposes of the instant motion. Plaintiff, a resident of Florida, brings this action on behalf of a nationwide class of persons that rented vehicles from Defendants and, during the rental term, incurred a fine for a toll violation, speed violation,

---

[1] Defendant ATS Processing Services, LLC was voluntarily dismissed from this action without prejudice by stipulation of the parties pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). ECF No. 48.

and/or other traffic infraction. First Amended Class Action Complaint ("Compl."), ECF No. 23 ¶ 5. Defendants are headquartered in Parsippany, New Jersey and provide vehicle rental services throughout the country. *Id.* ¶ 10. Defendants enter contracts ("Rental Agreements") with their car rental customers. *Id.* ¶ 14. Section 15 of the Terms and Conditions, entitled "Fines, Expenses, Costs, and Administrative Fees," provides: "You'll pay all fines, penalties and court costs for parking, traffic, toll and other violations, including storage liens and charges. You will also pay a reasonable administrative fee with respect to any violation of this agreement, such as for repossessing or recovering the car for any reason." *Id.* ¶ 15.

Plaintiff reserved an Avis Budget rental vehicle from June 11, 2014 to June 16, 2014 with her credit card. *See* Compl. ¶ 38, Ex. B. Plaintiff picked up the rental vehicle at the Baltimore-Washington International Airport Avis Budget location in Hanover, Maryland, and returned it to the JFK International Airport Avis Budget location in Jamaica, New York. *Id.* On June 11, 2014, using a camera equipped with a radar control unit, the District of Columbia Metropolitan Police Department (the "D.C. Police Department") determined that someone driving the car rented by Plaintiff drove 52 miles-per-hour ("mph") in a 35 mph zone. *Id.* ¶ 39-40; *see also* Compl., Ex. C, "Notice of Infraction." Thereafter, on June 18, 2014, the D.C. Police Department mailed a "Notice of Infraction" to the vehicle owner—PV Holding Corp., a subsidiary of Defendants. Compl. ¶ 41; *see also* Notice of Infraction.

The Notice of Infraction included "DIRECTIONS FOR ANSWERING," which provided: "YOU HAVE 60 CALENDAR DAYS FROM THE MAIL DATE OF THE TICKET TO PAY OR CONTEST THE TICKET. IF YOU DO NOT PAY OR CONTEST THE TICKET WITHIN 30 CALENDAR DAYS OF THE MAIL DATE OF THE TICKET YOUR FINE WILL DOUBLE." *Id.* The directions provided three ways of answering: "1) **Admit** Pay the full amount due; 2)

2

**Admit with an Explanation** Request in writing that the fine associated with the violation be reduced; or 3) **Deny** Appear for an in-person hearing . . . ." *Id.* Further, the Notice of Infraction stated "[i]f you want to contest the ticket fine, penalty or both, do not pay the ticket until you receive your decision." *Id.* ¶ 42; *see also* Notice of Infraction at 2.

On July 3, 2014, Defendants sent Plaintiff an "AVIS RENT A CAR VEHICLE VIOLATION NOTICE" (the "Violation Notice"). *Id.* ¶ 44. The Violation Notice advised Plaintiff that Defendants had paid the fine in the amount of $150.00 and demanded Plaintiff pay that amount, along with a $30.00 administrative fee. *Id.* Defendants advised Plaintiff she could voluntarily pay the amount demanded by August 2, 2014 or Defendants would charge it to her credit card. *Id.* ¶ 47. Thereafter, Plaintiff contacted the agency who issued the fine but was advised she could not contest the fine because it was already paid. *Id.* ¶ 48.

Plaintiff maintains that "[b]y paying the Fine without notice to [Plaintiff], Avis Budget wrongfully forced upon [Plaintiff] an admission of guilt without an opportunity to be heard." *Id.* ¶ 45. Further, Plaintiff argues under D.C. law, Defendants were solely responsible for paying the fine because D.C. Code § 50-2209.02(a) (1997) states that the owner of a vehicle issued a notice of infraction is liable for payment of the fine assessed for the infraction. *Id.* ¶ 64. In the alternative, Plaintiff argues that if Defendants had the right to transfer liability for the fine, Defendants "failed to disclose in the Rental Agreements that Avis Budget and/or ATS would pay the Fine without notice, effectively eliminating the rights of rental vehicle customers to contest, and triggering the imposition of an administrative and/or handling fee." *Id.* ¶ 45.

Plaintiff filed a Class Action Complaint with this Court on September 30, 2014. ECF No. 1. Plaintiff filed her First Amended Complaint on January 22, 2015, bringing claims against all Defendants for breach of the implied covenant of good faith and fair dealing, unjust enrichment,

unconscionability, and violations of the New Jersey Consumer Fraud Act. Compl., ECF. No. 23. Defendants filed motions to dismiss on March 9, 2015. *See* ECF Nos. 26, 27. The Court held oral argument on the pending motions on December 7, 2015. *See* ECF No. 37. Thereafter, the Court permitted the parties to submit supplemental briefing and to conduct jurisdictional discovery. *See* ECF No. 42. Defendant ATS was voluntarily dismissed on August 17, 2016 pursuant to a stipulation by the parties. *See* ECF No. 48. Defendants renewed their motion to dismiss on August 18, 2016. *See* ECF No. 49. Plaintiff filed an opposition on September 19, 2016 and Defendants filed a reply on September 26, 2016. *See* ECF Nos. 55, 56.

### III. **LEGAL STANDARD**

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

## IV. <u>DISCUSSION</u>

Defendants move to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff has failed to state a cause of action. Specifically, Defendants argue that Plaintiff's claims under a theory of breach of the implied covenant of good faith and fair dealing "are fatally defective as a matter of law" because the implied covenant does not apply to contract formation and Plaintiff has not shown that Defendants acted in bad faith or proof of damages. Defendants' Motion to Dismiss ("Def. Mot.") ECF No. 49 at 27-29. Further, Defendants argue Plaintiff's unjust enrichment claim should be dismissed "because it is precluded by the express contract between" the parties. *Id.* at 29. Defendants argue the Rental Agreement cannot be found unconscionable because Plaintiff was not under economic pressure to rent a vehicle from Defendants, Plaintiff is a sophisticated consumer, and the Rental Agreement does not violate public policy. *Id.* at 32. Lastly, Defendants argue Plaintiff has failed to state a claim under the NJCFA because Defendants had no duty to disclose that it would pay fines without giving Plaintiff prior notice, the Rental Agreement was neither achieved through sharp dealing nor contains provisions that would shock the conscience of the Court, and Plaintiff never had a right to appear in D.C. court to contest the fine absent an assignment. *Id.* at 14-26.

In response, Plaintiff argues the Complaint satisfies the applicable pleading requirements. Specifically, Plaintiff argues Defendant Avis Budget acted in bad faith when it failed to disclose that Defendants would pay fines imposed on car renters prior to giving them notice, triggering an administrative charge and automatically cutting off the renter's opportunity to contest such fines. Plaintiff's Opposition ("Pl. Opp.") ECF No. 55 at 34. Plaintiff alleges Defendants also acted in bad faith and were unjustly enriched by the imposition of previously unspecified administration fees and the unauthorized reimbursement of fines, for which, according to Plaintiff, D.C. law holds

5

the owner of the car solely liable. *Id.* at 34-35. Further, Plaintiff alleges the Rental Agreement—a contract of adhesion—is unconscionable because it contains excessively disproportionate terms. *Id.* at 37-39. Finally, Plaintiff argues that Defendants' violated the NJCFA because Defendants knowingly omitted notice and affirmatively misrepresented its practice of paying all fines for an alleged traffic violation without an adjudication of guilt, and subsequently charging those fines and an administrative fee back to the consumer. *Id.* at 16-21.

The Court agrees with Plaintiff and finds they have satisfied their pleading burden. As previously noted, to withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). To determine the sufficiency of a complaint under *Twombly* and *Iqbal*, the Court must take the following steps:

> First, the court must tak[e] note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011).

Plaintiff asserts the following claims against Defendants: breach of the implied covenant of good faith and fair dealing, unjust enrichment, unconscionability, and violations of the New Jersey Consumer Fraud Act. *See* Compl.

"A covenant of good faith and fair dealing is implied in every contract in New Jersey." *See Wilson v. Amerada Hess Corp.*, 158 N.J. 236, 244 (2001) (citing *Sons of Thunder, Inc. v. Borden, Inc.*, 148 N.J. 396, 420 (1997)); *see also* Restatement (Second) of Contracts, § 205 (1981). The covenant requires that neither party to a contract "shall do anything [that] will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Seidenberg*

*v. Summit Bank*, 348 N.J. Super. 243, 254 (N.J. App. Div. 2002). Further, proof of a party's "bad motive" or "intention" must support a claim of breach of contract grounded on an alleged breach of the implied covenant of good faith and fair dealing. *See Mendez v. Avis Budget Grp., Inc.*, No. 11–6537-JLL, 2012 WL 1224708, at *6 (D.N.J. Apr. 10, 2012) (citation omitted). "A good faith performance doctrine may be said to permit the exercise of discretion for any purpose—including ordinary business purposes—reasonably within the contemplation of the parties . . . ." *Id.* (quoting *Amerada Hess*, 168 N.J. at 246). A contract "would be breached by a failure to perform in good faith if a party uses its discretion for a reason outside the contemplated range—a reason beyond the risks assumed by the party claiming the breach." *Id.*

To state a claim for unjust enrichment, a plaintiff must show "defendant[s] received a benefit and that retention of that benefit without payment would be unjust." *Goldsmith v. Camden Cnty. Surrogate's Office*, 408 N.J. Super. 376, 382 (N.J. App. Div. 2009) (citation and internal quotation marks omitted).

For a claim of contract unconsionability under New Jersey law, the Court must "determine whether the contract is so oppressive, or inconsistent with the vindication of public policy, that it would be unconscionable to permit its enforcement." *Rodriguez v. Raymours Furniture Co.*, 225 N.J. 343, 367 (2016). To determine whether an adhesion contract is unconscionable, courts will look at "the subject matter of the contract, the parties' relative bargaining positions, the degree of economic compulsion motivating the 'adhering' party, and the public interests affected by the contract." *Rudbart v. N. Jersey Dist. Water Supply Comm'n*, 127 N.J. 344, 356 (1992).

Lastly, the NJCFA imposes liability on any person "who uses: 'any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely

7

upon such concealment.'" *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 192 N.J. 372, 389 (2007) (quoting N.J.S.A. § 56:8-2). To establish a prima facie case under the NJCFA, a plaintiff must show: (1) unlawful conduct by the defendant; (2) an ascertainable loss by the plaintiff; and (3) a causal relationship between the unlawful conduct and the ascertainable loss. *Id.* Unlawful conduct may arise from a knowing omission or an affirmative act. *Cox v. Sears Roebuck & Co.*, 138 N.J. 2, 17 (1994). An affirmative act includes unconscionable commercial practices, deception, fraud, and misrepresentation. *Miller v. Am. Family Publishers*, 284 N.J. Super. 67, 74 (N.J. Super. Ch. Div. 1995). For affirmative acts, intent is not a requisite element. *Id.* To prove a knowing omission, however, "intent is an essential element. There must be proof that the defendant acted knowingly, with intent that another rely on such concealment . . . or omission." *Id.* To establish ascertainable loss, a plaintiff "must suffer a definite, certain and measurable loss, rather than one that is merely theoretical." *Bosland v. Warnock Dodge, Inc.*, 197 N.J. 543, 557 (2009). Finally, in interpreting the NJCFA, courts have been instructed to "be faithful to the Act's broad remedial purposes . . . [and] construe the [Act] broadly, not in a crabbed fashion." *Id.* at 555-56 (citations omitted).

The Court finds the Complaint pleads sufficient factual allegations which plausibly give rise to a claim for relief under each cause of action. The Complaint details the Rental Agreement entered into by Defendants with their customers. *See* Compl. ¶ 14, Ex. A. The Complaint further provides specific allegations detailing the Notice of Infraction received by Defendants regarding Plaintiff's rental vehicle, that Defendants paid the fine for the alleged infraction prior to notifying Plaintiff, and subsequently charged Plaintiff's credit card for the fine and administration fee without an opportunity for Plaintiff to be heard and without authorization. *Id.* ¶¶ 38-48.

The Complaint sufficiently alleges the Rental Agreement is a contract of adhesion,

8

providing that the "Rental Agreements . . . are standardized forms, imposed and drafted by [Defendants], a party of vastly superior bargaining strength, that provide the consumer only with the 'opportunity' to adhere to the one-sided terms or reject the agreement in its entirety." *Id.* ¶ 80(e). The Complaint alleges the contract was unconscionable, Plaintiff's right to receive the fruits of the contract was injured, Defendants acted in bad faith, and Defendants were unjustly enriched.[2] Plaintiff supports these claims by alleging Defendants assessed unauthorized and previously unspecified charges against Plaintiff's credit card and failed to disclose material facts to the Defendants' customers concerning traffic infractions assessed against a rental vehicle during the rental period and fines associated with such infractions. *See generally* Compl. Specifically, the Complaint alleges the Rental Agreement failed to disclose that Defendants would charge car renters for any *alleged* traffic infraction without the opportunity to contest fines assessed against their rental vehicles during the rental period, and the amount of the administrative fee that ATS would charge. *Id.*

This lack of clear and comprehensive disclosure of Plaintiff's liability for fines accrued against the vehicle absent prior notice and the opportunity to contest such fines, is sufficient to allege Defendants' intent or knowledge to conceal or omit a material fact. The Complaint also alleges affirmative misrepresentations regarding the lack of opportunity to contest alleged fines. The Complaint alleges that although section 15 of the Rental Agreement stated that Plaintiff would

---

[2] Since unjust enrichment is "not an independent theory of liability, but is the basis for a claim of quasi-contractual liability," a plaintiff may not recover on both a breach of contract claim and an unjust enrichment claim. *Id.* at 384. A plaintiff, however, may plead alternative and inconsistent legal causes of action arising out of the same facts. *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively. . . . If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."); Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."). Thus, at this stage of the pleadings, Plaintiff may plead alternative legal theories.

9

be charged for all violations accrued against the rental vehicle during the rental period, that section did not state that Plaintiff would not have the opportunity to contest any such fines, and that Defendants would pay the fine prior to any adjudication of the underlying violation. These facts may constitute an affirmative act of misrepresentation. Lastly, the Complaint sufficiently alleges a causal connection between the Defendants' unlawful conduct and the Plaintiff's ascertainable loss when she states she was charged a fine and administrative fee by Defendants for an alleged traffic violation, without the opportunity to contest such violation, through the pretext of her Rental Agreement with Defendants.

Accordingly, Defendants' motion to dismiss pursuant to Rule 12(b)(6) is denied.

## V. CONCLUSION

Based on the reasons set forth above, the motion to dismiss is denied. An appropriate order accompanies this Opinion.

Dated: May 10, 2017

CLAIRE C. CECCHI, U.S.D.J.