KAPLAN FOX & KILSHEIMER LLP
William J. Pinilis (WJP2160)
160 Morris Street
Morristown, NJ  07960
Tel: (973) 656-0222
Fax: (973) 401-1114

*Attorneys for Plaintiffs*

[Additional Counsel Appear on Signature Page]

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAWN VALLI and ANTON S. DUBINSKY, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AVIS BUDGET GROUP, INC., a Delaware corporation, AVIS BUDGET CAR RENTAL, LLC, AVIS RENT A CAR SYSTEM, LLC, and BUDGET RENT A CAR SYSTEM, INC.,<br><br>Defendants. | Case No. 2:14-cv-06072 (CCC)(JBC)<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT**<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiffs Dawn Valli and Anton S. Dubinsky, on behalf of themselves and all others similarly situated, file this Second Amended Complaint against Defendants Avis Budget Group, Inc., Avis Budget Car Rental, LLC, Avis Rent A Car System, LLC, and Budget Rent A Car System, Inc., (collectively "Avis Budget" or "Defendants") for compensatory, equitable, injunctive and declaratory relief.  Plaintiffs make the following allegations based upon knowledge as to their own respective acts, and upon information and belief, as well as upon their attorneys' investigation, and allege as follows:

## INTRODUCTION

1.      This action concerns Defendants' deprivation of the due process rights of the consumer class alleged herein that rents motor vehicles from Avis Budget, and the consumers' resulting monetary damages.

2.      Avis Budget Group, Inc. is a leading global provider of vehicle rental services, both through its Avis and Budget brands, which have more than 10,000 rental locations in approximately 175 countries around the world, and through its Zipcar brand, which is the world's leading car sharing network, with more than 900,000 members.

3.      As alleged in detail below, Avis Budget pays alleged toll violations, speeding tickets, and other traffic infractions (collectively, "Fine(s)"), allegedly incurred while class members or their designees are driving vehicles rented from Avis

Budget, often prior to providing them with notice of the alleged Fine, and then charges them an administrative fee for processing such violation. While the rental agreement between class members and Avis Budget (the "Rental Agreement") obligates the class members to pay Fines incurred in an Avis Budget vehicle during the rental term, the Rental Agreement (1) fails to disclose that class members have no right to contest such alleged infractions; (2) does not authorize Avis Budget to share the class members' personal information with, or delegate the processing of such fines to its agents; (3) fails to disclose the amount customers will be charged as an administrative or handling fee; (4) does not authorize ATS or any other third party to charge or collect from the class members any fee; and (5) does not disclose that Avis Budget will pay any Fines assessed against the rental car during the rental period without notice to customers, essentially waiving the renters' rights to contest the alleged violation.

4.     In addition, the Rental Agreements applicable to class members who intend to drive in Washington D.C. ("DC") and other parts of the United States where non-owners of rental vehicles are not legally responsible for certain Fines associated with violations detected by an automated traffic enforcement ("ATE") device, require those customers to pay the Fines notwithstanding that non-owners of the rented vehicles are not legally liable for those Fines. Under DC law, for example, Avis Budget as the registered owner, is liable for payment of Fines for violations

recorded using an ATE system.  DC ST § 50-2209.02(a).  However, Avis Budget's liability for the Fine in the amount of $150 assessed, by way of example, against Plaintiff Valli's rental car is ***non-transferable***, yet Defendants charged Plaintiff Valli's credit card $150.[1]

5.    This action is brought on behalf of a nationwide class of persons who, during the applicable limitations period rented a motor vehicle from Avis Budget, and during the rental term were alleged to have incurred a Fine for a toll violation, speed violation and/or other traffic infraction (the "Class").

6.    Avis Budget unilaterally chooses to pay such Fines on behalf of Class members to the authority that issued the alleged violation, very often, if not always, without notice to the Class member, and without making any effort to contest or assign the right to contest the alleged Fine on behalf of the Class member, even though Avis Budget has no knowledge as to whether the Class member actually committed the purported infraction.

7.    Avis Budget contracts with ATS Processing Services, LLC, "ATS" and possibly others to process and administer the payment of the Fines for, and the collection of the Fines from, the Class.  However, the members of the Class do not enter any contractual agreement with ATS.  Nevertheless, Avis Budget, together with ATS, not only pay the Fines without any notice to the Class, but they also charge

---

[1]  *See* http://mpdc.dc.gov/page/dc-streetsafe-faqs

and collect from the Class a handling or administrative fee in an amount undisclosed at the time of the rental, that, upon information and belief, serves as a profit center for Avis Budget.  Nowhere in the Rental Agreement is the amount of such fee or the identity of ATS disclosed to members of the Class.

8.     As a result of Defendants' conduct, Plaintiffs and the Class have been injured in the form of, *inter alia*, the deprivation of their due process rights to contest the Fines, and economic injury, including the obligation to pay Defendants an administrative/handling fee in an amount undisclosed at the time of the rental, and in certain jurisdictions, the amount of the Fine(s) which are the registered owner's responsibility, and which may be non-transferable under applicable law.

## PARTIES

### Plaintiffs

9.     Plaintiff Dawn Valli is a resident of Broward County, Florida.  She rented a car from Avis Budget, during which time Defendants paid a Fine for a speeding violation issued against the vehicle during the rental period.  Defendants did not provide Mrs. Valli any notice of the alleged speeding violation until after Defendants paid the Fine. Defendants charged Mrs. Valli's credit card $180 – the violation amount of $150 and a "handling fee" of $30. Under DC law, Mrs. Valli was not liable for payment of the fine.  Even though liability for payment of the violation could not be transferred to the driver of the cited vehicle as a matter of DC

4

law, Defendants unlawfully transferred responsibility to Mrs. Valli by charging her credit card the violation amount of $150.

10.    Plaintiff Anton S. Dubinsky is a resident of St. Louis County, Missouri. He rented a car from Avis Budget and Defendants paid a fine for an alleged red-light violation issued against the vehicle during the rental period.

11.    Defendants did not provide Mr. Dubinsky any notice of the alleged red-light violation until after Defendants paid the fine.

12.    Defendants charged Mr. Dubinsky's credit card $520 – the violation amount of $490 and a "Handling Fee" of $30.

**Defendants**

13.    Defendants Avis Rent A Car System, LLC and Budget Rent A Car System, Inc., subsidiaries of Defendant Avis Budget Car Rental, LLC, which is a subsidiary of Defendant Avis Budget Group, Inc., a Delaware corporation, are headquartered in Parsippany, New Jersey.  Avis Budget does business throughout New Jersey, including in this District, and throughout the nation.  Avis Budget rents cars and trucks to consumers under the brand names "Avis" and "Budget", among others. Upon information and belief, all of Avis Budget's polices, practices, and business decisions relating to the facts alleged in the instant complaint were made in and/or originated from Avis Budget's New Jersey headquarters.

**Relevant Non-Party**

14.    ATS, headquartered in Scottsdale, Arizona, with regional facilities in New York City, and other U.S. cities, is a division of American Traffic Solutions, Inc.  ATS contracts with companies such as Avis Budget "to ensure vehicle owners are not held financially responsible for violations committed by drivers such as parking tickets or other traffic-related citations mailed to the vehicle owner."  ATS administers and processes the collection from the Class of the Fines paid by Avis Budget and/or ATS on behalf of the members of the class, and in concert with Avis Budget imposes an administrative fee/handling fee on the Class.

## JURISDICTION AND VENUE

15.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which some members of the Class are citizens of different states than the Defendants.  *See* 28 U.S.C. § 1332(d)(2)(A).  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  This Court has personal jurisdiction over Defendants because they are authorized to do business and do conduct business in New Jersey, they have specifically marketed and sold their services in New Jersey, and have sufficient minimum contacts with

this state and/or sufficiently avail themselves of the markets of this state to render the exercise of jurisdiction by this Court permissible.

16.    Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims asserted herein occurred in this District and Defendants are subject to personal jurisdiction to the federal court in this District.  Moreover, Defendants inhabit and/or may be found in this judicial district and the interstate trade and commerce described herein is and has been carried out in part within this judicial district.

## FACTUAL ALLEGATIONS

### Defendant Avis Budget

17.    Defendant Avis Budget enters contracts known as Rental Agreements with the members of the class.  The Rental Agreements, including the Rental Agreement entered into by Plaintiff Valli, provide in part as follows:

> **Fines, Expenses, Costs and Administrative Fees**. You'll pay all fines, penalties, and court costs for parking, traffic, toll and other violations, including storage liens and charges. You will also pay a reasonable administrative fee with respect to any violation of this agreement, such as repossessing or recovering the car for any reason. [2]

_____

[2] The following virtually identical language was contained in Plaintiff Dubinsky's Rental Agreement: "**Fines, Expenses, Costs and Administrative Fees**. You'll pay all fines, penalties, and court costs for parking, traffic, toll and other violations, including storage liens and charges. You'll also pay a reasonable administrative fee with respect to any violation of this agreement, such as for repossessing or recovering the car for any reason."

18.    The Rental Agreements do not include any language that serves to waive the rights of the Class to receive notice of the alleged Fines or to contest the alleged Fines.

19.    The Rental Agreements do not define or otherwise identify the amount that Avis Budget will charge the Class for the "reasonable administrative fee."

20.    The Rental Agreements do not authorize any third party to pay any Fine on behalf of the Class, collect the amount paid for a Fine from the Class, or charge the Class any administrative, handling or any other, fee.

21.    The Rental Agreements do not disclose that if a violation is issued against a vehicle during the term of the class member's rental period, the class member will not have the right to contest the violation.

22.    The Rental Agreements do not disclose, in jurisdictions such as DC where certain Fines are non-transferable, that if a violation is issued against a vehicle during the term of the class member's rental period, the class member will not have the right to contest the violation.

23.    Avis Budget and ATS do not notify class members that they owe the violation amount plus administration, collection and/or handling fees until after Avis Budget and/or ATS has paid the respective violation.

24.    Avis Budget and ATS essentially admit this course of conduct in the Vehicle Violation Notices sent to class members including Plaintiffs.  The Avis

Rental Car Vehicle Violation Notice sent to Plaintiff Valli stated: "**The associated violation was paid on your behalf to protect Avis from incurring late fees, penalties and potential vehicle seizure.**" (Emphasis in Original).

25.     Similarly, the Budget Rental Car Vehicle Violation Notice sent to Plaintiff Dubinsky stated: "**The associated violation was paid on your behalf to protect Budget from incurring late fees, penalties and potential vehicle seizure.**" (Emphasis in Original).

26.     In addition, the Rental Agreements fail to disclose that in certain jurisdictions, including in DC, the governing law may not permit the operator of the vehicle to contest the violation unless the registered owner of the vehicle provides written authorization to the operator of the vehicle to appear on its behalf.  Indeed, ATS stated on its website:

**Why was I charged an administration fee?**

**Answer:** Per your rental agreement, an administration fee was charged to cover the costs of processing your citation on behalf of the Rental Car Company.  Processing includes either transferring liability of the citation out of the Rental Car Company's name into your name as the responsible driver or paying the citation.  The Issuing Authority generally dictates whether a payment or a Transfer of Liability is allowed for a particular citation.  The benefit to you for transferring liability is that you retain due process and can contest your ticket with the Issuing Authority if you so choose.

\*\*\*

A Transfer of Liability (Affidavit) moves citation liability from the Rental Car Company to you, the responsible driver, for the citation that occurred during the time of your rental agreement.  This process allows

you to retain due process, providing the ability for you to personally pay or dispute the  citation with the Issuing Authority as you see fit.[3]

27.    Even though Avis Budget could transfer liability to its customers, upon information and belief, it does not do so, and instead automatically pays the fine without notice to its customers.

## II.    Avis Budget's Relationship With ATS

28.    American Traffic Solutions, the parent of ATS, claims to adhere to a "strong consciousness towards … the general public", which includes an "approach [] to proactively address compliance and ethics before potential issues arise."  ATS maintains that its Ethics Program, which incorporate the company's values of "integrity" and "respect" is an "integral part of how ATS does business.

29.    ATS's Code of Business and Ethics includes the following tenets:

"Our reputation for integrity and excellence requires careful observance of the spirit and letter of ***all applicable laws and regulations, as well as a scrupulous regard for the highest standards of conduct and personal integrity***.

…

ATS will comply with all applicable laws and regulations and expects its directors, officers, and employees to conduct business in accordance with the letter and spirit, of ***all relevant laws and regulations as well as to refrain from any dishonest or unethical conduct***.

….

---

[3] http://atsfleetsolutions.com/solutions/viologics-violations-management/rental-car-customer/

The Code is designed to promote ATS values and to deter any wrong-doing. The Code is crucial to ensure that our employees—as well as the ***public at large***—are aware of the standards we have set for ourselves.

….

We will ensure that all disclosures made in financial reports and documents are ***full, fair***, accurate, timely and understandable."

(Emphasis added.)

30.    According to its website, "ATS Processing Services contracts with companies that own a fleet of vehicles such as, but not limited to rental car companies, to ensure vehicle owners are not held financially responsible for violations committed by drivers such as parking tickets or other traffic-related citations mailed to the vehicle owner."

31.    Upon information and belief, ATS and Defendant Avis Budget entered a contract pursuant to which ATS collects Fines that Defendants pay on behalf of the Class, and also collects from the Class administration and handling fees that Defendants unilaterally set and charge to the Class as well as Fines in certain jurisdictions where the liability for the Fines cannot be transferred to non-owners, *i.e.*, members of the Class.

### III.    Defendants' Deprivation Of The Due Process Rights Of, And Imposition Of Fees Upon, The Class

### Defendants Pay Fines Allegedly Incurred by Class Members Without Notice to the Class

32.    Local and state governments throughout the United States use ATE devices to identify and record alleged traffic infractions, such as the failure to pay tolls, speeding, running red lights, and other infractions.  The authority that issues tickets and seeks to impose Fines for such infractions typically mails the ticket to the vehicle owner.  The issuing authority identifies the owner by capturing a photograph of the vehicle's license plate, and identifying the owner from databases that allow the matching of the owner's name and address to the license plate number.  As a result, the recipients of such alleged infractions are not aware of the alleged infraction until receipt by mail of the notice from the issuing authority.

33.    Upon receipt of such tickets, Defendants do not immediately notify the respective Class member.

34.     Rather, to "ensure" that Avis Budget is not held responsible for the alleged Fine, Defendants first pay the alleged Fines, and subsequently provide notice to the Class member.  However, by the time the notice has been issued, the Class member's opportunity to contest the Fine has been lost; Avis Budget has paid the ticket, effectively admitting the Class Member's responsibility; the matter closed,

12

and the only remaining step is Defendants' collection of the amount paid from the Class, along with the handling fee.

35.     When ATS automatically pays a Fine on behalf of Avis Budget rental car customers, it is fully aware of the unconscionable consequences of that conduct. On its website under the section titled "Making Violations More Convenient for You," ATS admits that "[i]f ATS or the rental car company merely paid the ticket, the renter likely would be unable to contest the ticket because the violation has already been settled at the Issuer level."  Moreover, ATS recognizes the benefit of providing rental car customers the ability to contest the violations associated with the Fines:

> ATS' solution benefits renters by working to transfer liability from the rental car company to the renter through processing affidavits with the ticket issuer whenever possible. The transferring of liability process benefits renters by enabling them to dispute or negotiate violations directly with the ticket Issuer. If ATS or the rental car company merely paid the ticket, the renter likely would be unable to contest the ticket because the violation has already been settled at the Issuer level.[4]

36.     The right to contest ATE violations is especially important to members of the Class in jurisdictions such as DC.  In a September 2014 Report, DC's Inspector General found that DC's police speed cameras issue tickets "without conclusive identification" of the vehicles:

---

[4]  http://atsfleetsolutions.com/solutions/viologics-violations-management/rental-car-customer/

> Based on a review of the training manual and interviews with [Metro-politan Police Department] reviewers, the [Office of the Inspector General] team came away with two overriding impressions of the speed violation review process: (1) decisions on whether to issue a speeding ticket can be arbitrary; and (2) reviewers' decisions were not consistent in certain situations, such as what to do when there are multiple vehicles in the images or when the vehicle in the violation images does not match the vehicle cited on the registration information linked to the photographed license plate.[5]

37.     In DC, the registered owner has the option of authorizing someone to act on its behalf for photo enforcement tickets issued against rental cars.[6]

### Defendants Charge the Class An Administrative or Handling Fee, the Amount of which is Not Disclosed

38.     While Avis Budget's Rental Agreement discloses that it will charge the Class a "reasonable" administrative fee for processing the payment of Fines, the Rental Agreement is silent as to the amount that will be charged.

39.     Defendants' collection system is largely automated.  Defendants send form letters to each Class member, who typically pay the Fines online using credit cards.

40.     Although ATS' cost in human labor and time to "process" the Fines is relatively small, Defendants impose an unreasonable and excessive handling fee, which allows ATS to earn a profit from such activity, and presumably to share a

---

[5] *See* "Report of Special Evaluation - Parking And Automated Traffic Enforcement tickets – PART I: Ticket Issuance Practices" at page 32. http://media.nbcwashington.com/documents/OIG+No++14-I-0063.pdf

[6] *See* "Adjudication Power of Attorney Form" at http://dmv.dc.gov/node/136152

portion of such profits with Defendant Avis Budget.  In other words, by depriving the Class of the opportunity to exercise their due process rights to contest the alleged Fines, Defendants profit, while the Class is damaged.

### C. Defendants Unlawfully Charge the Amount of the Fines Paid to Class Members

41.    Even though non-owners of rented vehicles in DC and other jurisdictions are not liable for certain Fines associated with violations detected by an ATE device, Defendants transfer liability for the amount of those Fines to members of the Class.  For example, under DC law, Avis as the registered owner, is liable for payment of Fines for violations recorded using an ATE system.  DC ST § 50-2209.02(a).

42.    Notwithstanding that liability for the Fines is non-transferable, Defendants require members of the Class to execute Rental Agreements purporting to make the customer responsible for the Fines, send Credit Card Charge or similar Notices to renters deceptively representing to customers that they are responsible for the Fines, and requiring direct billing of the customers' credit card for such transactions.

### IV. Defendants Paid Alleged Fines On Behalf Of Class Representatives Dawn Valli and Anton Dubinsky, And Then Charged Them, Respectively, The Amounts Of The Fines And A Handling Fee In a Previously Undisclosed Amount

**Plaintiff Dawn Valli**

43.     On June 11, 2014, Dawn Valli rented a car from Defendant Avis Budget at the company's Baltimore-Washington airport. She returned the car on June 16, 2014.

44.     During Mrs. Valli's rental period, the District of Columbia Metropolitan Police Department purportedly determined that on June 11, 2014, someone driving the car rented by Mrs. Valli drove the car at 52 mph in a 35 mph zone. In fact, the car was driven by Mrs. Valli's husband, Frank Valli, for the entirety of the rental period.

45.     The District of Columbia claims that it determined the speed of the car by photographing it, and through the use of radar calculated the speed of the car.

46.     Just 7 days after the alleged violation, on June 18, 2014, the District of Columbia mailed the Notice of Infraction to the vehicle owner, which it determined from the license plate. *Id.* The vehicle owner is identified as PV Holding Corp. which is a subsidiary of Avis Budget. *Id.* The Notice of Infraction includes "DIRECTIONS FOR ANSWERING":

> YOU HAVE 60 CALENDARS DAYS FROM THE MAIL DATE OF THE TICKET. IF YOU DO NOT PAY OR CONTEST THE TICKET WITHIN 30 CALENDAR DAYS OF THE MAIL DATE OF THE TICKET YOUR FINE WILL DOUBLE.
>
> Please choose one of the following answers: 1) **Admit** Pay the full amount due; 2) **Admit with an Explanation** Request in writing that the fine associated with the violation be reduced; or 3) **Deny** Appear for an in-person hearing between the hours 8:30 am - 4:00 pm Monday-Friday [.]

47.    The Notice of Infraction plainly warns the recipient that "[i]f [they] want to contest the ticket, penalty, or both ***do not pay*** the ticket until you receive your decision from DMV." *Id.* (emphasis added).

48.    The Notice provides the recipient sixty (60) days to contest or pay the ticket, and the alleged fine is $150 if paid within 30 days and $300 if paid within 60 days.  In Mrs. Valli's case, these deadlines were as follows:

    (a)    August 17, 2014 – Deadline to **Contest** the Ticket;

    (b)    July 18, 2014 – Deadline to Pay the Ticket for $150.00;

    (c)    August 17, 2014 – Deadline to Pay the Ticket for $300.00

49.    Defendants wasted no time in depriving Mrs. Valli of the right to contest the ticket.  Defendants did not permit Mrs. Valli to contest the ticket and instead paid the ticket on receipt, or almost immediately thereafter.  This is evidenced by the fact that on July 3, 2014 – 45 days before the expiration of the time period allowed for contesting the ticket, and 15 days before the fine increased from $150 to $300 – Defendants sent Mrs. Valli an AVIS RENT A CAR VEHICLE VIOLATION NOTICE, advising that Defendants had already paid the fine in the amount of $150.00, and demanding that she pay such amount, along with a $30 "handling fee," to Avis Budget.

50.    If Mrs. Valli had been assigned the right to contest the infraction and received timely notification of the Fine, and had Avis Budget not unilaterally paid

the Fine on her behalf, she would have had three options: Pay the Fine; adjudicate the citation by mail or request a hearing (if Avis Budget would have provided her with authorization to act on its behalf).  By paying the Fine without notice to Mrs. Valli, Avis Budget wrongfully forced upon Mrs. Valli an admission of guilt without an opportunity to be heard and the payment of the $150 Fine for which Avis Budget was solely responsible.  Alternatively, if Mrs. Valli and the Class had the right to contest (without the need for an assignment from the vehicle owner) and Avis Budget had the right to transfer liability of the Fine, then Avis Budget failed to disclose in the Rental Agreements that Avis Budget and/or ATS would pay the Fine without notice, effectively eliminating the rights of rental vehicle customers to contest, and triggering the imposition of an administrative and/or handling fee.

51.      In its FAQs, the Metropolitan Police Department answers the question "What do I do if I receive a ticket in the mail?" as follows:

> A ticket issued through the District of Columbia's Automated Traffic Enforcement Program is the same as any other moving ticket issued within the city limits.  ***You may pay the fine, which is an admission of guilt;*** adjudicate the citation by mail, or request a hearing.  Specific instructions are included on the back of each NOI that is mailed.  Failure to respond to the ticket, either by paying the fine or requesting a hearing within the specified time frame, can result in additional fees and penalties.  Telephone or mail responses are encouraged.

**http://mpdc.dc.gov/page/automated-speed-enforcement-faq** (emphasis added).

52.      Incredibly, Defendants only afforded Mrs. Valli until August 2, 2014 to voluntarily pay the amount demanded, or Defendant Avis Budget would simply

charge such amount to Mrs. Valli's credit card.  Defendants' payment deadline was 15 days prior to the date originally afforded by the District of Columbia for Avis Budget, on behalf of Mrs. Valli, to contest the ticket, or assign its right to contest to Mrs. Valli.

53.    Of course, by the time Mrs. Valli received Defendants' Vehicle Violation Notice, the opportunity to request that Avis Budget contest the ticket on her behalf or transfer its rights to Mrs. Valli so she had the opportunity to contest the citation with the issuing authority had already been unilaterally waived by Defendants.  After she received the Avis Rental Car Vehicle Violation Notice dated July 3, 2014, Mrs. Valli contacted the issuing agency in an attempt to contest the ticket, but was advised that the payment was considered an admission of guilt, which did not permit her an opportunity to dispute the infraction.

**Plaintiff Anton S. Dubinsky**

54.    On November 25, 2014 Anton Dubinsky rented a car from Defendant Avis Budget (through Budget Rent A Car System, Inc.) at the company's facility located at 780 McDonnell Road, San Francisco, CA. Such rental was assigned Rental Agreement Number 435697942 by Budget Rent A Car System, Inc.  He returned the car to the same facility on December 2, 2014.

55.    During Mr. Dubinsky's rental period, the San Francisco Police Department issued a summons upon the allegation that on November 26, 2014, someone

19

driving the car rented by Mr. Dubinsky failed to stop at a red light traffic signal. In fact, the car was driven at the time of the purported traffic infraction by Mr. Dubinsky's daughter, who was duly authorized to drive the vehicle.

56.    The San Francisco Police Department claims that it determined the car rented by Mr. Dubinsky failed to stop at a red light based on photographs taken by an Automated Traffic Enforcement System.

57.    The San Francisco Police Department issued Citation No. ZA0379931, dated December 5, 2014, for failure to stop at a red light traffic signal and issued such citation to PV Holding Corp., a subsidiary of Avis Budget, as the "Registered Owner" of the vehicle which was the subject of the citation (the "Citation"). The Citation further stated that it was "based on photographic evidence."

58.    The Citation stated that it had to be responded to on or before December 29, 2014 and provided instructions for how and where to respond, including instructions for how to contest the alleged violation. Notably, the Citation indicated that responding to the Citation by way of contesting it had to be done by December 29, 2014.

59.    The Citation also stated that paying the fine associated with the alleged violation in the amount of $490 would result in the recipient of the Citation being "convicted of the violation, and it will appear on your record at the Department of Motor Vehicles (DMV)."

60.     Defendants (or ATS on their behalf) paid the $490 fine associated with the Citation almost immediately, thereby depriving Mr. Dubinsky the opportunity to contest the alleged violation.

61.     Defendants sent Mr. Dubinsky a Vehicle Violation Notice, dated December 30, 2014, (a day after the time elapsed for Mr. Dubinsky to contest the Citation) stating the Defendants had already paid on Mr. Dubinsky's behalf the fine associated with the Citation and demanding that he pay Defendants $520 ($490 for the fine and $30 for a Handling Fee) by January 29, 2015 and his failure to do so would result in his credit card being charged in that amount.

62.     Mr. Dubinsky did not receive the Vehicle Violation Notice until approximately January 6, 2015, well after the date the Citation was issued and after the time to contest the Citation elapsed.

63.     By paying the fine associated with the Citation, Avis Budget wrongfully charged Mr. Dubinsky a fine and an administrative fee that he never agreed to pay, and which Defendants had no right to impose. Defendants failed to disclose in their Rental Agreement with Mr. Dubinsky (as was similarly the case with numerous other Avis Budget customers), that Defendants would pay fines for alleged traffic violations associated with his vehicle rental without notice, effectively eliminating the rights of rental vehicle customers to contest the alleged violation and triggering the imposition of an administrative and/or handling fee.

64.    Upon receipt of the Vehicle Violation Notice from Defendants, Mr. Dubinsky immediately contacted Defendants to protest and contest the $490 fine and $30 handling fee that such notice indicated he was to pay Defendants and to contest any such charges being made to his credit card. Notwithstanding his protestations, and without his authorization or permission, Mr. Dubinsky's credit card was charged by Avis Budget (or ATS on Defendants' behalf) the $520 indicated in the Vehicle Violation Notice and such amount was paid by Mr. Dubinsky.

## V.    The Conduct At Issue Is Centered In New Jersey

65.    Much of the conduct at issue arises and emanates from New Jersey.  As detailed above, Avis Budget, whose contract and conduct upon which this case is primarily based, is headquartered in Parsippany, New Jersey.  Upon information and belief, all policies and procedures pertaining to decisions concerning Defendants' alleged conduct initiated from New Jersey.

## CLASS ACTION ALLEGATIONS

66.    Plaintiffs bring this nationwide class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all members of the following class:

> All persons who, during the limitations period applicable to this action, (a) rented a motor vehicle from Defendant Avis Budget which was issued a fine, penalty, and/or court costs for parking, traffic, toll or other violation; and (b) on whose behalf Defendants (i) paid the Fines prior to giving the Class member notice of the alleged Fine or (ii) collected from the Class member an administrative and/or handling fee (the

"Class").  Excluded from the Class are persons that received parking tickets or any other ticket at the time they were issued.

67.    The Class is so numerous that joinder of all members is impracticable.

68.    There are many common questions of law and fact involving and affecting the parties to be represented.  These common questions of law or fact predominate over any questions affecting only individual members of the Class.  Common questions include, but are not limited to, the following:

(a)    Whether Defendants unilaterally and illegally waived the rights of the Class to receive notice of alleged Fines before such Fines are paid by Defendants;

(b)    Whether Defendants' failure to disclose in the Rental Agreements that Avis Budget customers would be denied the right to contest any traffic violations issued against the vehicle during the term of a rental violated the New Jersey Consumer Fraud Act;

(c)    Whether Defendants pay Fines prior to giving notice to the Class of the alleged Fine;

(d)    Whether Defendants' administrative and handling fees are reasonable;

(e)    Whether Defendants engaged in deceptive and unfair business and trade practices;

23

(f)    Whether the Class has been injured by virtue of Defendants' unfair and/or deceptive business practices and conduct; and

(g)    Whether the Class is entitled to injunctive relief.

69.    Plaintiffs' claims are typical of the claims of the respective Class they seek to represent, in that the named Plaintiffs and all members of the proposed Class (a) rented a motor vehicle from Defendant Avis Budget, (b) were issued a fine, penalty, and/or court costs for parking, traffic, toll or other violations, and (c) Defendants (i) paid the Fines prior to giving Class members notice of the alleged Fine or (ii) collected from Class members an administrative and/or handling fee.

70.    Plaintiffs will fairly and adequately protect the interests of the Class, and have retained attorneys experienced in class actions and complex litigation as their counsel.

71.    Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief.

72.    Plaintiffs aver that the prerequisites for class action treatment apply to this action and that questions of law or fact common to the Class predominate over any questions affecting only individual members and that class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy which is the subject of this action.  Plaintiffs further state that the interests

of judicial economy will be served by concentrating litigation concerning these claims in this Court, and that the management of this Class will not be difficult.

## CLAIMS FOR RELIEF

## COUNT I

### (Violation of the New Jersey Consumer Fraud Act, N.J.S. §§ 56:8-1, et seq. as to all Defendants)

73.    Plaintiffs repeat and reallege each and every allegation contained above, and incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

74.    Plaintiffs bring this cause of action individually and on behalf of the Class as defined above.

75.    This Count arises under the New Jersey Consumer Fraud Act, N.J. Stat. § 56:8-1, *et seq.*, and is brought on behalf of the Plaintiffs and members of the Class pursuant to §§ 56:8-19 and 56:8-2.12 of the Act.

76.    Section 56:8-2 provides, in relevant part:

The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice . . . .

77.     Plaintiffs and other members of the Class are consumers who rented motor vehicles from Defendant Avis Budget pursuant to a consumer transaction for personal use and are, therefore, subject to protection under the New Jersey Consumer Fraud Act, N.J.S. § 56:8-1, *et seq.*

78.     Defendants' acts, practices, misrepresentations, concealments, and omissions of material facts in connection with the rental of motor vehicles constitute unlawful practices within the meaning of the New Jersey Consumer Fraud Act.

79.     Defendants engaged in unlawful practices by (a) failing to disclose that Defendants would pay any alleged Fines imposed upon the members of the Class prior to giving them notice of the alleged Fines and the opportunity to seek an assignment from Defendants to contest such Fines, (b) failing to disclose that members of the Class would be denied the right to contest any traffic citations issued against their rental cars during the term of the rental, (c) charging members of the Class the amount of the Fines in jurisdictions where liability for such traffic infractions is the non-transferable responsibility of the registered owner; and/or (d) charging the Class administrative and/or handling fees in an undisclosed amount for the processing and collection of such Fines paid by Defendants on behalf of the Class.

80.     In addition, Defendants engaged in unlawful practices by illegally charging members of the Class the Fines paid by Defendants assessed for violations of traffic regulations covered by DC ST § 50-2209.02, *et seq.* and similar laws in

other jurisdictions.  For example, under DC law, registered owners are responsible for payment of photo enforcement citations, and that liability is nontransferable to members of the class.  ("(a) Absent an intervening criminal or fraudulent act, the owner of a vehicle issued a notice of infraction shall be liable for payment of the fine assessed for the infraction.").

81.    The DC Metropolitan Police Department website says even if the registered owner was not driving the cited vehicle, the registered owner of the vehicle is still responsible for paying photo enforcement citations and liability cannot be transferred to the person driving the vehicle.[7]

82.    Defendants engaged in similar unlawful practices in those jurisdictions where liability by the registered owner for Fines issued against vehicles is the sole, non-transferable obligation of the registered owner.

83.    As a result of the use and employment by Defendants of the unlawful acts, Plaintiffs and the other Class members have suffered an ascertainable loss of money or property and have been damaged thereby.

84.    Under N.J.S. §§ 56:8-2.11, 56:8-2.1,56:8-19 and 56:8-159, Plaintiff and the other Class members are entitled to compensatory damages, including treble damages, attorneys' fees, cost of suit and declaratory relief.

---

[7] http://mpdc.dc.gov/page/dc-streetsafe-faqs

## COUNT II

### (Breach of Implied Covenant of Good Faith
### and Fair Dealing as to all Defendants)

85.    Plaintiffs repeat and reallege each and every allegation contained above, and incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

86.    Defendant Avis Budget and the Class entered contracts that contain an implied covenant of good faith and fair dealing that required Avis Budget to conduct its business with the Class in good faith and deal with them fairly.

87.    Defendant Avis Budget breached the implied covenant of good faith and fair dealing by (a) failing to disclose that Defendants would pay any alleged Fines imposed upon the Class prior to giving them notice of the alleged Fines and would deprive them of the opportunity to contest such Fines; (b) charging the Class administrative and/or handling fees in an undisclosed amount for the processing and collection of such Fines paid by Defendants on behalf of the Class; and (c) charging the Class the amount of the Fines in those jurisdictions where the registered owner has sole, non-transferable liability for such Fines.

88.    Plaintiffs and the Class have been damaged as a direct and proximate result of Defendant Avis Budget's conduct.

## COUNT III

### (Unjust Enrichment Against All Defendants)

89.    Plaintiffs repeat and reallege each and every allegation contained above, and incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

90.    Defendants received, and continue to receive, a benefit at the expense of Plaintiffs and the Class members in the form of "administrative fees" and "handling fees," in amounts previously undisclosed and were unauthorized, reimbursement of the Fines, which Plaintiffs and the Class members did not agree to pay in the amounts charged by Defendants.

91.    Defendants knowingly and intentionally accepted and retained these fees provided by Plaintiffs and the Class members.

92.    As a direct and proximate result of Defendants' improper retention of fees, and non-transferrable Fines, where the registered owner has sole responsibility, Plaintiffs and the Class members were deprived of the use of their money that was unlawfully charged and collected by Defendants, and are therefore entitled to reimbursement of any money unjustly paid to Defendants.

93.    It would be unjust and improper under the circumstances to allow Defendants to retain these fees.

94.    Plaintiff and the Class members have no adequate remedy at law to recover these fees from Defendants.

## COUNT IV

### (Unconscionability Under the Laws of New Jersey)

95.    Plaintiffs repeat and reallege each and every allegation contained above, and incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

96.    Defendants' policies and practices are substantively and procedurally unconscionable in the following respects, among others:

(a)    Defendants do not disclose or reasonably disclose to prospective customers that if a Fine is assessed against the rental car during the rental period, Defendants will automatically pay the Fine without notice to Class members, conduct which unilaterally eliminates Class members' rights to contest the violation, and triggers an admission of guilt;

(b)    Avis Budget Rental Agreements provide that customers are responsible for Fines, penalties and court costs for traffic, toll and other violations, and Defendants enforce those provisions against Class members who are non-owners, and are not legally liable for those Fines in certain jurisdictions, including in DC;

(c)     Defendants retain the amount of the administrative and/or handling fees paid by Class Members in jurisdictions where the Registered Owner, Avis Budget or one of its subsidiaries, is solely responsible for the fine;

(d)     Defendants do not alert Class Members before they pay the Fine that a Fine was issued against their rental vehicle, and Defendants do not give Class members the opportunity for a transfer of liability to Class members so that they may either pay the Fine or dispute the citation with the Issuing Authority;

(e)     The Rental Agreements and related documents are contracts of adhesion in that they are standardized forms, imposed and drafted by Avis Budget, a party of vastly superior bargaining strength, that provide the customer only with the "opportunity" to adhere to the one-sided terms or reject the agreement in its entirety;

(f)     The provision for the payment of Fines, Expenses, Costs and Administrative Fees is disclosed in an ineffective, ambiguous, misleading, and unfair manner, since it *e.g.* does not disclose that in certain jurisdictions the payment of the Fine is not the responsibility of the rental vehicle customer; does not disclose the amount of the administrative fee for the various types of

violations; and does not disclose the identity of ATS even though, upon information and belief, ATS is Avis Budget's primary or sole administrator and processor of Fines assessed against Avis Budget rental vehicles; and

(g)    The Rental Agreements provided to customers are ineffective, ambiguous, deceptive, unfair, and misleading in that they do not unambiguously state that Avis Budget nearly always pay the Fines, effectively admitting the violation, and even though the time to contest or otherwise respond has not yet expired and Avis Budget has the ability to transfer liability to Class members if they so choose.

90.    Considering the great business acumen and experience of Avis Budget in relation to Plaintiffs and the Class, the great disparity in the parties' relative bargaining power, the inconspicuousness and incomprehensibility of the contract language at issue, the oppressiveness of the terms, the commercial unreasonableness of the contract terms, the purpose and effect of the terms, the allocation of the risks between the parties, and similar public policy concerns, these provisions are unconscionable and, therefore, unenforceable as a matter of law.

91.    The imposition of administrative fees in previously undisclosed amounts, purportedly related to  Defendants' cost of administration and/or processing and collecting of the Fines, Defendants' collection from Class members of the amount of the Fines and associated fees in jurisdictions where Class members

are not liable for such Fines, and the failure to provide Class members an opportunity to assert their due process rights to contest the Fines constitutes unconscionable, unfair and deceptive conduct.

92.    Plaintiffs and members of the Class have sustained damages as a result of Defendants' unconscionable policies and practices as alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A.    That this action be certified as a class action on behalf of the proposed Class of all persons who during the limitations period applicable to this action, (a) rented a motor vehicle from Avis Budget, (b) were issued a fine, penalty, and/or court costs for parking, traffic, toll or other violation, and (c) on whose behalf Defendants (i) paid the Fine prior to giving the Class notice of the alleged Fine or (ii) collected from the Class an administrative and/or handling fee;

B.    Monetary damages and/or restitution, as appropriate;

C.    Awarding declaratory and injunctive relief as permitted by law or equity to assure that the Class has an effective remedy, including enjoining Defendants from continuing the unlawful practices as set forth above, and directing Defendants to identify, with Court supervision, victims of their conduct and pay them restitution and disgorgement of all monies acquired by Defendants by means of any act or practice declared by this Court to be wrongful;

D.    Punitive damages;

E.    Awarding a declaratory judgment with damages awarded as supplemental relief;

F.    Awarding all costs, including experts' fees and attorneys' fees, expenses and costs of prosecuting this action; and

G.    Such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

DATED:  June 22, 2018               KAPLAN FOX & KILSHEIMER LLP

                                    By:/s/ William J. Pinilis___
                                    William J. Pinilis
                                    wpinilis@kaplanfox.com
                                    160 Morris Street
                                    Morristown, NJ  07960
                                    Telephone:  (973) 656-0222
                                    Facsimile:   (973) 401-1114

Joel B. Strauss
jstrauss@kaplanfox.com
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

Laurence D. King
lking@kaplanfox.com
350 Sansome Street, Suite 400
San Francisco, CA  94104
Telephone:  (415) 772-4700
Facsimile:  (415) 772-4707


WITES LAW FIRM
Marc A. Wites
mwites@witeslaw.com
4400 North Federal Highway
Lighthouse Point, FL 33064
Telephone:  (954) 933-4400
Facsimile:  (954) 354-0205


Attorneys for Plaintiffs