## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAWN VALLI and ANTON S. DUBINSKY, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AVIS BUDGET GROUP, INC., a Delaware corporation, AVIS BUDGET CAR RENTAL, LLC, AVIS RENT A CAR SYSTEM, LLC, and BUDGET RENT A CAR SYSTEM, INC.,<br><br>Defendants. | Case No. 2:14-cv-06072 (CCC)(JBC)<br><br>**DEFENDANTS AVIS BUDGET GROUP, INC., AVIS BUDGET CAR RENTAL, LLC, AVIS RENT A CAR SYSTEM, LLC, AND BUDGET RENT A CAR SYSTEM, INC.'S AMENDED ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendants Avis Budget Group, Inc., Avis Budget Car Rental, LLC, Avis Rent A Car System, LLC, and Budget Rent A Car System, Inc., (collectively, "Avis" or "Defendants") by way of Amended Answer to the Second Amended Class Action Complaint filed by Plaintiffs Dawn Valli and Anton S. Dubinsky, state as follows:

### INTRODUCTION

1. The allegations call for a legal conclusion, therefore no response is required.

2. Avis Budget Group, Inc.'s Zipcar subsidiary is not a party to this litigation. Therefore, to the extent this paragraph alleges facts against the Zipcar subsidiary, no response is required. Admitted as to the remaining allegations.

3. To the extent the allegations call for a legal conclusion, no response is

required. To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

4.     To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

5.     Avis is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore leaves Plaintiffs to their proofs.

6.     To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

7.     To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

8.     Plaintiffs are not pursuing a claim regarding the reasonableness of the administrative fees; and, therefore, no response is required as to allegations of unreasonable and excessive administrative fees. To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

## PARTIES

9.     Denied that Avis charged Plaintiff Dawn Valli's credit card $180.00.

To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

10.     To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied. Admitted only that Plaintiff Anton S. Dubinsky rented a car from Avis.

11.     To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

12.     To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

13.     Admitted only that Defendant Avis Budget Group, Inc. is incorporated in the state of Delaware, and maintains its headquarters at 6 Sylvan Way, Parsippany, New Jersey, that Avis Budget Car Rental, LLC is incorporated in the state of Delaware, and maintains its headquarters at 6 Sylvan Way, Parsippany, New Jersey, that Avis Rent a Car System, LLC is incorporated in the State of Delaware and maintains its headquarters at 6 Sylvan Way, Parsippany, New Jersey, and that Budget Rent a Car System, Inc. is incorporated in the State of

Delaware and maintains its headquarters at 6 Sylvan Way, Parsippany, New

Jersey. To the extent the allegations in this paragraph contains legal conclusions,

no response to those allegations is required.

14.     Admitted only that Avis and ATS have a contractual relationship

regarding the processing and settling of rental car violation events. As to the

remaining allegations, no response is provided to allegations directed to other

parties.

## JURISDICTION AND VENUE

15.     The allegations call for a legal conclusion, therefore no response is

required.

16.     The allegations call for a legal conclusion, therefore no response is

required.

## FACTUAL ALLEGATIONS

17.     Admitted that Avis enters into Rental Agreements with its customers.

The referenced document speaks for itself.

18.     The referenced document speaks for itself. To the extent the

allegations in this paragraph contains legal conclusions, no response to those

allegations is required.

19.     The referenced document speaks for itself. To the extent the

allegations in this paragraph contains legal conclusions, no response to the

allegations is required.

20.     The referenced document speaks for itself. To the extent the allegations in this paragraph contains legal conclusions, no response to the allegations is required.

21.     The referenced document speaks for itself. To the extent the allegations in this paragraph contains legal conclusions, no response to the allegations is required.

22.     The referenced document speaks for itself. To the extent the allegations in this paragraph contains legal conclusions, no response to the allegations is required.

23.     To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

24.     The referenced document speaks for itself. To the extent the allegations in this paragraph call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

25.     The referenced document speaks for itself. To the extent the allegations in this paragraph call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Avis,

denied.

26.     The referenced document speaks for itself. To the extent the allegations in this paragraph contains legal conclusions, no response to the allegations is required.

27.     To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

28.     Avis is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore leaves Plaintiffs to their proofs.

29.     Avis is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore leaves Plaintiffs to their proofs.

30.     Avis is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore leaves Plaintiffs to their proofs.

31.     Admitted only that Avis and ATS have a contractual relationship regarding the processing and settling of rental car violation events. To the extent the allegations in this paragraph contains legal conclusions, no response to those allegations is required.

32.     Avis is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore leaves Plaintiffs to their proofs.

33.     To the extent the allegations call for a legal conclusion, no response is

required. To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

34.     To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

35.     No response is provided to allegations directed to other parties.

36.     Avis is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore leaves Plaintiffs to their proofs. To the extent the allegations call for a legal conclusion, no response is required.

37.     To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

38.     Admitted only that the Rental Agreement is silent as to the amount of administrative fees that may be charged. Plaintiffs are not pursuing a claim regarding the reasonableness of the administrative fee; and, therefore, no response is required as to allegations of unreasonable and excessive administrative fees. As to the remaining allegations, the referenced document speaks for itself. To the extent the allegations in this paragraph contains legal conclusions, no response to those allegations is required.

39.     To the extent the allegations call for a legal conclusion, no response is

required. To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

40.     Plaintiffs are not pursuing a claim regarding the reasonableness of the administrative fees; and, therefore, no response is required as to allegations of unreasonable and excessive administrative fees. As to the remaining allegations, Avis is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore leaves Plaintiffs to their proofs. To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

41.     To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

42.     To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

43.     Admitted only that Plaintiff Dawn Valli rented a car from Avis's Baltimore-Washington International Airport location on June 11, 2014. The remaining allegations are vague and therefore no response is required.

44.     Admitted only that on June 11, 2014 the District of Columbia Metropolitan Police Department determined that someone driving Plaintiff Dawn

Valli's rental car drove the car at 52 mph in a 35 mph zone. Avis is without

sufficient knowledge or information to form a belief as to the truth of the

remaining allegations and therefore leaves Plaintiffs to their proofs.

45.     Avis is without sufficient knowledge or information to form a belief

as to the truth of the allegations and therefore leaves Plaintiffs to their proofs.

Moreover, the referenced document speaks for itself.

46.     The referenced document speaks for itself.

47.     The referenced document speaks for itself.

48.     The referenced document speaks for itself.

49.     To the extent the allegations call for a legal conclusion, no response is

required. To the extent the allegations state facts or allege wrongdoing on behalf of

Avis, denied. Moreover, the referenced document speaks for itself.

50.     To the extent the allegations call for a legal conclusion, no response is

required. To the extent the allegations state facts or allege wrongdoing on behalf of

Avis, denied.

51.     Avis is without sufficient knowledge or information to form a belief

as to the truth of the allegations and therefore leaves Plaintiffs to their proofs.

Moreover, the referenced document speaks for itself.

52.     Avis is without sufficient knowledge or information to form a belief

as to the truth of the allegations and therefore leaves Plaintiffs to their proofs.

Moreover, the referenced document speaks for itself.

53.     Avis is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore leaves Plaintiffs to their proofs. To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

54.     On information and belief, admitted.

55.     Avis is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore leaves Plaintiffs to their proofs. Moreover, the referenced document speaks for itself.

56.     The referenced document speaks for itself.

57.     The referenced document speaks for itself.

58.     The referenced document speaks for itself.

59.     The referenced document speaks for itself.

60.     To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

61.     To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied. Moreover, the referenced document speaks for itself.

62.      Avis is without sufficient knowledge or information to form a belief

as to the truth of the allegations and therefore leaves Plaintiffs to their proofs.

63.    To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

64.    Avis is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore leaves Plaintiffs to their proofs. To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

65.    Admitted only that Defendant Avis Budget Group, Inc. is incorporated in the state of Delaware, and maintains its headquarters at 6 Sylvan Way, Parsippany, New Jersey, that Avis Rent a Car System, LLC is incorporated in the State of Delaware and maintains its headquarters at 6 Sylvan Way, Parsippany, New Jersey, and that Budget Rent a Car System, Inc. is incorporated in the State of Delaware and maintains its headquarters at 6 Sylvan Way, Parsippany, New Jersey. To the extent the allegations in this paragraph contains legal conclusions, no response to those allegations is required.

## CLASS ACTION ALLEGATIONS

66.    The allegations call for a legal conclusion, therefore no response is required.

67.    The allegations call for a legal conclusion, therefore no response is

required.

68.    Plaintiffs are not pursuing a claim regarding the reasonableness of the administrative fee; and, therefore, no response is required as to allegations of unreasonable and excessive administrative fees. The remaining allegations call for a legal conclusion, therefore no response is required.

69.    The allegations call for a legal conclusion, therefore no response is required.

70.    The allegations call for a legal conclusion, therefore no response is required.

71.    The allegations call for a legal conclusion, therefore no response is required.

72.    The allegations call for a legal conclusion, therefore no response is required.

## CLAIMS FOR RELIEF

## COUNT I

**Violation of the New Jersey Consumer Fraud Act, N.J.S. § 56:8-1, *et seq.* as to all Defendants**

73.    Defendants hereby incorporate by reference all prior allegations contained in their submissions in this matter, and in this Answer, as if fully set forth herein.

74.    The allegations call for a legal conclusion, therefore no response is

required.

75.     The allegations call for a legal conclusion, therefore no response is required.

76.     The referenced statute speaks for itself.

77.     The allegations call for a legal conclusion, therefore no response is required.

78.     To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

79.     Plaintiffs are not pursuing a claim regarding the reasonableness of the administrative fee; and, therefore, no response is required as to allegations of unreasonable and excessive administrative fees. To the extent the remaining allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

80.     To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

81.     To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

82.    To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

83.    Avis is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore leaves Plaintiff to her proofs.  To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

84.    The allegations call for a legal conclusion, therefore no response is required.

## COUNT II

### Breach of Implied Covenants of Good Faith and Fair Dealing
### as to Defendant Avis

85.    Defendants hereby incorporate by reference all prior allegations contained in their submissions in this matter, and in this Answer, as if fully set forth herein.

86.    To the extent the allegations call for a legal conclusion, no response is required.  To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

87.    Plaintiffs are not pursuing a claim regarding the reasonableness of the administrative fee; and, therefore, no response is required as to allegations of unreasonable and excessive administrative fees. To the extent the remaining

allegations call for a legal conclusion, no response is required.  To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

88.     To the extent the allegations call for a legal conclusion, no response is required.  To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

### COUNT III

**Unjust Enrichment Against All Defendants**

89.     Defendants hereby incorporate by reference all prior allegations contained in their submissions in this matter, and in this Answer, as if fully set forth herein.

90.     Plaintiffs are not pursuing a claim regarding the reasonableness of the administrative fee; and, therefore, no response is required as to allegations of unreasonable and excessive administrative fees. To the extent the remaining allegations call for a legal conclusion, no response is required.  To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

91.     To the extent the allegations call for a legal conclusion, no response is required.  To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

92.     To the extent the allegations call for a legal conclusion, no response is required.  To the extent the allegations state facts or allege wrongdoing on behalf

of Avis, denied.

93.     To the extent the allegations call for a legal conclusion, no response is required.  To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

94.     To the extent the allegations call for a legal conclusion, no response is required.  To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

## COUNT IV

### Unconscionability Under the Laws of New Jersey

95.     Defendants hereby incorporate by reference all prior allegations contained in their submissions in this matter, and in this Answer, as if fully set forth herein.

96.     The allegations call for a legal conclusion, therefore no response is required.

      (a)     To the extent the allegations call for a legal conclusion, no response is required.  To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

      (b)     To the extent the allegations call for a legal conclusion, no response is required.  To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

(c)     Plaintiffs are not pursuing a claim regarding the reasonableness of the administrative fee; and, therefore, no response is required as to allegations of unreasonable and excessive administrative fees.  To the extent the remaining allegations call for a legal conclusion, no response is required.  To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

(d)     To the extent the allegations call for a legal conclusion, no response is required.  To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

(e)     To the extent the allegations call for a legal conclusion, no response is required.  To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

(f)     To the extent the allegations call for a legal conclusion, no response is required.  To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

(g)     To the extent the allegations call for a legal conclusion, no response is required.  To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

97.     To the extent the allegations call for a legal conclusion, no response is

required.  To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.[1]

98.    To the extent the allegations call for a legal conclusion, no response is required.  To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

99.    To the extent the allegations call for a legal conclusion, no response is required.  To the extent the allegations state facts or allege wrongdoing on behalf of Avis, denied.

**WHEREFORE**, Defendants demand judgment in their favor, dismissing Plaintiffs' Second Amended Class Action Complaint with prejudice, and such other and further relief as this Court deems appropriate and just.

## AFFIRMATIVE DEFENSES

1.    The Second Amended Class Action Complaint fails to state a cause of action upon which relief can be granted.

2.    Plaintiffs' Second Amended Class Complaint fails, in whole or in part, to allege a basis for the relief claimed.

3.    Plaintiffs lack standing to bring these claims.

4.    Plaintiffs lack standing to bring claims against Defendants' licensees and Defendants' subsidiaries not specifically added as a party to this litigation.

---

[1] The remaining paragraphs in Count IV were numbered in error in the Second Amended Complaint. Therefore, the Second Amended Complaint lists the remaining paragraphs as starting at "¶ 90," though the first paragraph should be numbered "¶ 97."

5.      Plaintiffs lack standing to bring claims regarding violation types other than red-light and speeding violations.

6.      Plaintiffs lack standing to bring causes of action under New Jersey law because Plaintiffs' alleged injuries do not fall within the zone of interest protected by New Jersey law; therefore, choice of law analysis requires application of Plaintiffs' respective state laws.

7.      Plaintiffs' claims are moot.

8.      The causes of action are barred, in whole or in part, by the doctrine of equitable estoppel, judicial estoppel and/or promissory estoppel.

9.      The causes of action are barred, in whole or in part, by the doctrines of theft of services, unclean hands and/or in pari delicto. Specifically, Plaintiff Dawn Valli's June 11, 2014 rental was discounted because she applied the employee discount code for a corporation she did not work for; therefore, Plaintiff Dawn Valli's causes of action are barred by the doctrines of theft of services, unclean hands and/or in pari delicto.

10.     The causes of action are barred, in whole or in part, by the doctrine of waiver.

11.     The causes of action are barred, in whole or in part, by the doctrine of consent.

12.     The causes of action are barred, in whole or in part, by the doctrine of ratification.

13.     If Plaintiffs suffered or sustained any damages as alleged in the Second Amended Class Action Complaint, which allegations are denied, and those damages were proximately caused and contributed to by agents or employees of Defendants acting outside of the scope of their agency or employment with Defendants, those acts were not authorized by Defendants, and Defendants are not responsible for those acts and any damages resulting therefrom.

14.     The Second Amended Class Action Complaint is not appropriate for treatment as a class action given the diversity of laws, claims, issues and defenses implicated.

15.     The Second Amended Class Action Complaint fails to qualify as a class action because, inter alia, the Complaint fails to meet the numerosity, typicality, commonality, superiority and predominance requirements for class actions.

16.     All allegations concerning existence of a purported "class" must be stricken because the purported "class" does not meet the requirements of Federal Rules of Civil Procedure Rule 23 and/or because Plaintiffs are inadequate and inappropriate class representatives, for reasons including but not limited to

Plaintiffs' respective inability to represent purported "class members" renting under rental terms and conditions that differ from their own.

17.     All allegations concerning existence of a purported "class" are barred by the voluntary payment doctrine; and, therefore, the purported "class" does not meet the commonality and typicality requirements for class actions.

18.     Defendants are not liable to Plaintiffs under any contractual or quasi-contractual theory.

19.     Defendants performed every obligation as required under its agreements with Plaintiffs.

20.     Plaintiffs are not entitled and are otherwise barred from recovery beyond actual damages, if any.

21.     Defendants did not cause anyone to incur any damages.

22.     No one incurred any damages.

23.     Plaintiffs are not entitled to recover counsel fees in this action pursuant to any rule, statute or other substantive law.

24.     Plaintiffs are not entitled to treble or punitive damages.

25.     Without admitting liability, Defendants asserts that its actions respecting the subject matters alleged in the Complaint were not fraudulent, outrageous or malicious; and, therefore, Plaintiffs are not entitled to compensatory, punitive or exemplary damages.

26.    Plaintiffs' recovery in this lawsuit is barred, in whole or in part, by their own negligence, dilatory actions, and respective violations of local laws.

27.    Plaintiffs' recovery in this lawsuit is barred as it is against public policy for Defendants to immunize a renter from damages incurred as a result of a renter's violations of local laws.

28.    Plaintiffs' claims are barred by their contributory negligence, comparative fault and/or comparative causation.

29.    Plaintiffs' recovery is barred because they had, and breached, a duty to drive in a lawful manner so as to avoid the issuance of any notice of violation.

30.    Pursuant to the terms of the Rental Agreement, Plaintiffs had a duty to not use the rental car in a reckless manner. Plaintiffs breached that duty and their recovery is barred.

31.    The causes of action are barred by the fact that the damages complained of were the direct and proximate result of actions and conditions over which Defendants had no control.

32.    Plaintiffs' claims are barred by their failure to mitigate damages.

33.    The causes of action are barred, in whole or in part, because the alleged matters complained of were adequately disclosed and/or Plaintiffs failed to read documents provided to them.

34.    Plaintiffs' claims are barred by the voluntary payment doctrine.

35.     Plaintiffs fail to state a claim for consumer fraud.

36.     Plaintiffs fail to allege a material misrepresentation or omission of any presently existing or past fact.

37.     Plaintiffs fail to allege fraud with the particularity required under the Federal Rules of Civil Procedure.

38.     All actions taken by Defendants were reasonable, necessary and consistent with commercial standards.

39.     Defendants at all times acted in good faith and in accordance with reasonable commercial standards, thus precluding any recovery by Plaintiffs and/or the persons on whose behalf they purport to bring this action.

40.     Defendants had no duty to advise Plaintiffs as to state traffic laws and/or local traffic laws.

41.     Defendants cannot be held liable for how municipalities enact and adjudicate their local laws, and/or municipalities' policy and procedure regarding traffic citations.

42.     Defendants had no duty to contest any violations issued against Plaintiffs' rental cars during Plaintiffs' respective rental periods.

43.     Defendants had no duty to appoint Plaintiffs to represent Defendants interests in connection with adjudicating traffic violations before municipal courts.

44.     All conduct engaged in by Defendants concerning or affecting Plaintiffs was justified, privileged, and/or otherwise legally authorized.

45.     Plaintiffs' claims are barred by the terms of the parties' Rental Agreement.

46.     Plaintiffs' unjust enrichment claims are barred by the existence of the Rental Agreement.

47.     Plaintiffs waived any claim regarding the unconscionability and/or unreasonableness of the administrative fee.

48.     The terms of the Rental Agreement are not unconscionable.

49.     Plaintiffs' claims are barred to the extent they seek relief prohibited by the arbitration clause in the parties' agreement(s).

50.     Plaintiffs' claims are barred to the extent they seek relief prohibited by the class action waiver clause in the parties' agreement(s).

51.     Defendants reserve the right to raise any and all affirmative defenses which may become apparent during the course of this action, and accordingly, to amend its answer to the Second Amended Class Action Complaint.

## <u>LOCAL CIVIL RULE 11.2 CERTIFICATION</u>

The undersigned hereby certifies upon information and belief that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.


Dated: July 25, 2018                **REED SMITH LLP**

                                     */s/ Mark S. Melodia*___
                                     Mark S. Melodia